[No. 27052-4-I.   Division One.   July 27, 1992.]

THE STATE OF WASHINGTON, *Respondent,* v. BRENT A. DECKER, *Appellant.*

*Anna-Mari Sarkanen* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Michele Shaw, Deputy,* for respondent.

BAKER, J. — Brent A. Decker appeals his sentence for third degree rape, arguing that the trial court incorrectly calculated his offender score. The trial court counted appellant's two 1980 convictions as two separate offenses. We conclude that appellant's two 1980 robbery convictions were "served concurrently" so as to count as a single offense under RCW 9.94A.360(6)(c), and therefore reverse.

In February 1980 appellant was convicted of robbery in El Dorado County, California, and sentenced to serve a term not to exceed 5 years. Two months later he received a second robbery conviction in Sacramento County, California, and was sentenced to serve a term not to exceed 5 years. The second sentencing court made no reference to the first sentence.

A confinement record indicates the El Dorado sentence was to be served "concurrent" with the "action below" and listed the Sacramento conviction. The total confinement time for both convictions was 5 years.

RCW 9.94A.360(6) governs offender scoring of multiple prior convictions. It provides in relevant part:

> In the case of multiple prior convictions, for the purpose of computing the offender score, count all convictions separately, except:
>
> . . . .
> (c) *In the case of multiple prior convictions for offenses committed before July 1, 1986, for the purpose of computing the offender score, count all adult convictions served concurrently as one offense* . . . Use the conviction for the offense that yields the highest offender score.

The two convictions in dispute occurred prior to 1986. The question then is whether the two convictions were "served concurrently" within the meaning of the statute.

Under California law, sentences are statutorily directed to be concurrent unless the judge expressly indicates otherwise. California Penal Code § 669 (Deering 1983) states in relevant part:

> When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or consecutively;
> . . .
> *Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently.*

(Italics ours.) This statute was in effect at the time of appellant's 1980 convictions.

■ Appellant was serving his sentence for the El Dorado robbery when he was sentenced for the Sacramento robbery. Under these circumstances, we conclude that the second sentencing court was aware of the first sentence and that its failure to direct consecutive terms of imprisonment was intended, through operation of the California statute, to make the two sentences run concurrently. Furthermore, the confinement records indicate the two sentences were in fact served concurrently. The two convictions should count as a single offense under the sentencing guidelines.

We reverse for recalculation of appellant's offender score and resentencing.

GROSSE, C.J., and SCHOLFIELD, J., concur.