[No. 15013-1-II.   Division Two.   February 28, 1994.]

THE STATE OF WASHINGTON, *Respondent,* v. FERNANDEZ LUCKETT, *Appellant.*

*Jeffrey J. Jahns* and *Ronald D. Ness & Associates,* for appellant.

*John W. Ladenburg, Prosecuting Attorney,* and *Chris Quinn-Brintnall, Senior Appellate Deputy,* for respondent.

PETRICH, J.* — Fernandez Luckett appeals his conviction and sentence for first degree murder. He challenges the trial court's denial of his motion for a mistrial. His argument is twofold. He claims that the introduction of his then unavailable accomplice's hearsay statement implicating him in the murder violated his right to confront his accomplice. Next he claims that when the accomplice later in the trial became available and testified, the previously admitted hearsay statement unfairly enhanced the accomplice's testimony. Luckett also challenges his sentence, claiming it is based on an erroneous criminal history. We affirm his conviction but vacate his sentence and remand for resentencing.

On December 29, 1987, Tacoma police officers found Jonathan Perkins lying in bed dead from six gunshot wounds to the head. Rita Perkins, the victim's wife, told police that an unknown intruder had broken into the apartment while she and her husband were asleep.

In May of 1990, Rita Perkins was arrested for first degree murder for the death of her husband and incarcerated in

---

*Judge John A. Petrich was a member of the Court of Appeals at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

Pierce County Jail where she became friends with another inmate, Violet Ellington. Perkins confessed to Ellington that she and Luckett had been having an affair and had murdered Jonathan Perkins.

In August of 1990, Ellington told police that Perkins had confessed to killing her husband with Luckett's help. On this information, police arrested Luckett in Los Angeles, California.

At Luckett's trial, Perkins, who had entered a guilty plea, refused to testify. The court found her "unavailable" and permitted Ellington to take the stand and testify as to the content of and the circumstances surrounding Perkins's confession. After Ellington testified, and during the State's presentation of its case, Perkins decided to take the stand. Perkins's testimony, with minor and irrelevant discrepancies, mirrored Ellington's.

Luckett moved for a mistrial, the trial court denied his motion, and Luckett was convicted as charged.

The judge sentenced Luckett to the maximum standard sentence, based on the severity of the offense and on his criminal history.

I

Luckett claims that, when the trial court allowed Ellington to take the stand and recount her conversations with Perkins, it violated his constitutional right to confront the witnesses against him. We disagree.

■ "Hearsay admissions do not violate confrontation rights if the declarant is produced . . .." *State v. Wilson,* 56 Wn. App. 63, 67, 782 P.2d 224 (1989) (citing *Ohio v. Roberts,* 448 U.S. 56, 65 L. Ed. 2d 597, 100 S. Ct. 2531 (1980)), *review denied,* 114 Wn.2d 1010 (1990); *State v. Ryan,* 103 Wn.2d 165, 170, 691 P.2d 197 (1984)). *See also* 5B Karl B. Tegland, Wash. Prac., *Evidence* § 355(6), at 119 (3d ed. 1989). Here, the declarant was produced and Luckett was given the opportunity to cross-examine her. He was, therefore, accorded his constitutional right to confront the witness against him.

## II

Luckett contends the trial court erred in denying his motion for a mistrial, arguing that a trial irregularity of constitutional magnitude was created when Perkins and Ellington were allowed to testify as to the circumstances of the homicide. Luckett argues that Perkins's testimony was the linchpin of the State's case. He contends that in the normal course of events where Perkins would have testified first, Ellington's corroboration which unduly enhanced Perkins's credibility would not have been admissible absent some other circumstances.

Where the defendant claims a trial irregularity, the reviewing court must decide "whether the record reveals a substantial likelihood that the trial irregularity affected the jury verdict, thereby denying the defendant a fair trial". *State v. Hicks*, 41 Wn. App. 303, 313, 704 P.2d 1206 (1985) (citing *State v. Davenport*, 100 Wn.2d 757, 762-63, 675 P.2d 1213 (1984)). In judging the extent to which the irregularity prejudiced the jury and warranted a mistrial, this court considers:

> (1) the seriousness of the irregularity, (2) whether the statement in question was cumulative of other evidence properly admitted, and (3) whether the irregularity could be cured by an instruction to disregard the remark, an instruction which a jury is presumed to follow.

*State v. Escalona*, 49 Wn. App. 251, 254, 742 P.2d 190 (1987) (citing *State v. Weber*, 99 Wn.2d 158, 165-66, 659 P.2d 1102 (1983)).

Here the irregularity was minor. The trial court's evidentiary ruling was appropriate in the procedural context in which it was made. Through no fault of the State, Perkins changed her mind and decided to testify. Perkins's testimony of the event mirrored her earlier statements to Ellington. Perkins as declarant and witness was subject to cross examination which satisfied any Sixth Amendment confrontational problem and allowed Luckett to test the accuracy of Perkins's testimony and prior statement. Fur-

thermore, the court limiting instruction on accomplice liability[1] minimized any likelihood that the claimed irregularity affected the jury verdict. We are satisfied that there is no substantial likelihood that the claimed irregularity affected the jury verdict and thus conclude that the trial court was correct in denying the motion for mistrial.

## III

Finally, Luckett claims the trial court miscalculated his sentence by wrongly reconstructing his criminal history based on a number of convictions in California.[2] The trial court calculated his offender score at 9 based on the following criminal history:

| Sentencing Date | Crime | Adult/juvi | Crime Date | Type | Points |
|---|---|---|---|---|---|
| 12-22-88 | Robbery 2 | Adult | 10-19-88 | V | 2 |
| 11-19-79 | Burglary 2 | Adult | 08-19-79 | NV | 1 |
| 05-27-76 | Robbery 2 | Adult | 12-08-75 | V | 2 |
| 03-18-76 | Robbery 1 | Adult | 12-09-75 | V | 2 |
| 05-28-75 | Robbery 1 | Juvi | 04-21-75 | V | 2 |

Luckett contends this history is incorrect in three respects: (1) the crimes committed before 1979 should not be included in his criminal history because they were vacated; (2) the juvenile conviction should not be included in his criminal history because it is a class B felony, which should have "washed out"; and, (3) his two 1976 robbery convictions should be counted as a single offense because he served these two convictions concurrently.

---

[1]Instruction 10 reads:

"Any statement of an accomplice given on behalf of plaintiff, should be subjected to careful examination in the light of other evidence in the case, and should be acted upon with great caution. You should not find the defendant guilty upon such statement alone unless, after carefully considering the statement, and all of the evidence in the case, you are satisfied beyond a reasonable doubt of its truth. The fact that an alleged accomplice has pleaded guilty to a crime arising out of the same events for which the defendant is on trial is not evidence of the defendant's guilt but has been admitted for the purpose of judging the credibility of the alleged accomplice."

[2]The parties have agreed that the 1987 version of the sentencing reform act is the applicable statute.

## A. Pre-1979 Convictions

The trial court properly included Luckett's pre-1979 convictions in his criminal history. Luckett contends Judge William W. Thomson, of the Orange County, California, Superior Court, vacated his pre-1979 convictions when he filed a minute order documenting Luckett's guilty plea. The minute order stated, "no priors were true or admitted".

A conviction is not included in a criminal history if it is vacated by:

(a) Permitting the offender to withdraw the offender's plea of guilty and to enter a plea of not guilty; or (b) if the offender has been convicted after a plea of not guilty, by the court setting aside the verdict of guilty; and (c) by the court dismissing the information or indictment against the offender.

Former RCW 9.94A.230(1) (Laws of 1987, ch. 486, § 7). The finding on Judge Thomson's minute order does not constitute permission to withdraw a plea of guilty, a set-aside of a verdict of guilty, or a dismissal of the information or indictment. Therefore, the minute order did not vacate any of the pre-1979 convictions.

## B. Juvenile Conviction

Luckett contends his 1975 California juvenile conviction should not have been included in his criminal history because the elements of the crime constitute a Washington class B felony; and, as such, it washed out when he turned 23. The sentencing judge here classified the crime as a class A felony, which never washes out. RCW 9.94A.360(4). The sentencing judge's classification was based on a probation officer's report that Luckett had been armed during his commission of the robbery. Luckett contends the trial court erred in using the probation officer's report to find that he had been armed. We agree.

When, as here, a crime is committed out of state, the court classifies the crime by comparing the elements of the out-of-state crime to the elements of crimes listed in Washington's criminal statute. Former RCW 9.94A.360(2) (Laws of 1987, ch. 456, § 4).

California charged Luckett with, and he pleaded guilty to, violating section 211 of the California Penal Code. The elements of section 211 are as follows:

> Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear.

Cal. Penal Code § 211 (West 1988) (enacted 1872). These elements constitute the Washington crime of robbery in the second degree, under former RCW 9A.56.190 (Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.56.190). Robbery in the second degree is a class B felony. *See* former RCW 9A.56.210 (Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.56.210). "Criminal conduct that has not resulted in a conviction may not be considered in determining a defendant's criminal history". David Boerner, *Sentencing in Washington* § 5.5, at 5-6 (1985). Being armed is not an element of section 211 of the California Penal Code. *People v. Smith*, 163 Cal. App. 3d 908, 210 Cal. Rptr. 43 (1985); *People v. Cortez*, 103 Cal. App. 3d 491, 163 Cal. Rptr. 1 (1980). In California, a defendant is not convicted of armed robbery unless the State has charged him or her with being armed under Cal. Penal Code § 969c (West 1985) and the trial court has found that the defendant was armed. *See People v. Ford*, 60 Cal. 2d 772, 388 P.2d 892, 36 Cal. Rptr. 620, *cert. denied*, 377 U.S. 940 (1964). California did not charge Luckett with being armed; therefore, the sentencing judge erred using this fact to establish the elements of the California crime.

Luckett's juvenile conviction is a class B felony, which washed out when Luckett turned 23. The trial court erred in including it in Luckett's criminal history.

### C. Concurrent Sentences

The trial court erred in counting Luckett's December 8 and 9, 1975, California robbery convictions as separate offenses. A defendant's multiple prior convictions count as a single offense if the convictions were committed before July 1, 1986, and if the sentences for the offenses were served concurrently. Former RCW 9.94A.360(5)(c) (Laws of 1987, ch. 456, § 4). "Under California law, sentences are statutorily directed to be

concurrent unless the judge expressly indicates otherwise." *State v. Decker*, 66 Wn. App. 604, 606, 834 P.2d 46 (1992). Cal. Penal Code § 669 (Deering 1983) states, in pertinent part:

When any person is convicted of two or more crimes, whether in the same proceeding or court or in different proceedings or courts, and whether by judgment rendered by the same judge or by different judges, the second or other subsequent judgment upon which sentence is ordered to be executed shall direct whether the terms of imprisonment or any of them to which he is sentenced shall run concurrently or consecutively;

. . . .

Upon the failure of the court so to determine how the terms of imprisonment on the second or subsequent judgment shall run, the term of imprisonment on the second or subsequent judgment shall run concurrently.

Here, the sentencing documents did not state that these two sentences were to run consecutively; therefore, as a matter of law these sentences ran concurrently. The trial court erred in failing to merge these convictions for purposes of calculating Luckett's criminal history.

We affirm the conviction but remand for resentencing consistent with this opinion.

SEINFELD, A.C.J., and ALEXANDER, J., concur.

Review denied at 124 Wn.2d 1015 (1994).