[No. 12806-7-III. Division Three. April 18, 1995.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN S. DUKE, *Appellant.*

*Paul J. Wasson,* for appellant.
*John G. Wetle, Prosecuting Attorney,* for respondent.

MUNSON, J. — John S. Duke pleaded guilty to second degree felony murder; he appeals his conviction and sentence.

In September 1992, Mr. Duke pleaded guilty to the second degree felony murder by assault of Shawnah Mann. The prosecutor's statement regarding Mr. Duke's criminal history in the plea agreement was "[n]one known in State or Federal Court. Conviction in Military Tribunal is not considered countable criminal history". Also as part of the plea agreement, the prosecutor agreed to recommend an exceptionally low sentence of 6 years. That recommendation was to remain the same regardless of whether the military offense was found to count toward Mr. Duke's criminal history. While in the army in 1981, Mr. Duke had pleaded guilty to several charges, one of which was solicitation to commit murder, and had been sentenced by a general court-martial.[1]

At Mr. Duke's plea hearing, neither the prosecutor, Mr. Duke's attorney, nor the trial court was sure of the effect of the court-martial on Mr. Duke's criminal history, and thus his standard sentence range. The trial court requested more information from the prosecutor regarding the military offense. The trial court also told Mr. Duke that his standard range sentence would be 123 to 164 months unless it found the military offense counted toward his criminal history in which case the standard range sentence might increase.

At Mr. Duke's sentencing hearing, the prosecutor provided the court with the record from Mr. Duke's court-martial, and restated his recommendation that Mr. Duke be given an exceptionally low sentence because the victim "was a provoker and that she may have initiated this particular inci-

---

[1]Mr. Duke was charged with four counts: absent without leave, larceny, and two counts of solicitation to commit murder. The parties appear to agree only the one count of solicitation, that in which Mr. Duke offered money for the crime, is relevant here.

dent . . .". The trial court determined the military offense should be included in Mr. Duke's criminal history, and his standard range sentence increased to 154 to 205 months as a result. After considering the mitigating factors, the trial court rejected an exceptionally low sentence and sentenced Mr. Duke to 154 months.

 Mr. Duke first contends that if an assault results in death, the assault merges into the resulting homicide and cannot serve as the basis for a charge of felony murder. Commonly referred to as the "merger rule", his position has been adopted by several states; however, our Supreme Court has consistently refused to adopt the rule. *See State v. Crane*, 116 Wn.2d 315, 333, 804 P.2d 10, *cert. denied*, 501 U.S. 1237 (1991); *State v. Thompson*, 88 Wn.2d 13, 558 P.2d 202, *appeal dismissed*, 434 U.S. 898 (1977). When our Supreme Court has clearly stated the law, this court is bound thereby.

 Mr. Duke next contends the trial court erred in counting his court-martial adjudication when computing his offender score. Under the Sentencing Reform Act of 1981 (SRA), a defendant's offender score is based on his criminal history. " 'Criminal history' means the list of a defendant's prior convictions, whether in this state, in federal court, or elsewhere."[2] RCW 9.94A.030(12)(a). Under RCW 9.94A.360(3), "[o]ut-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law." A crime's elements determine whether it is comparable. *State v. Wiley*, 124 Wn.2d 679, 684, 880 P.2d 983 (1994).

The military adjudication at issue was based on a violation of article 134 of the Uniform Code of Military Justice, 10 U.S.C. § 934:

Though not specifically mentioned in this chapter, all disorders and neglects to the prejudice of good order and dis-

---

[2]We note that under a similar statutory scheme, Minnesota defines "out-of-state convictions" to include convictions under the Uniform Code of Military Justice. Minn. Stat. Ann. ch. 244 app., Minnesota Sentencing Guidelines & Commentary § II.B.501 (West 1995). *See also* Christopher Vaeth, Annotation, *Use of Prior Military Conviction To Establish Repeat Offender Status*, 11 A.L.R.5th 218 (1993).

cipline in the armed forces, all conduct of a nature to bring discredit upon the armed forces, and crimes and offenses not capital, of which persons subject to this chapter may be guilty, shall be taken cognizance of by a general, special, or summary court-martial, according to the nature and degree of the offense, and shall be punished at the discretion of that court.

Washington has no offense which, on its face, compares to the "catchall" provision of article 134. However, one of the purposes of the SRA was to "[e]nsure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history". RCW 9.94A.010(1). In *State v. Southerland*, 43 Wn. App. 246, 716 P.2d 933 (1986), the court was faced with determining the Washington offense comparable to a prior out-of-state theft conviction where the value element was different in Washington and the other state. The court held that, where such a discrepancy exists, the sentencing court may look at the facts alleged in the indictment or information to determine the comparable Washington offense. *Southerland*, at 250-51.

Here, in alleging the violation of article 134, the charging document in the court-martial states: "John S. Duke . . . did, at Fort Lewis, Washington, . . . wrongfully solicit . . . Lance G. Oligney . . . to murder Rhonda J. Duke, the wife of . . . John S. Duke, by offering to . . . Lance G. Oligney the sum of one thousand dollars ($1,000.00) if . . . Lance G. Oligney would kill the said Rhonda J. Duke." The appropriate Washington offense would be criminal solicitation under RCW 9A.28.030. "A person is guilty of criminal solicitation when, with intent to promote or facilitate the commission of a crime, he offers to give or gives money or other thing of value to another to engage in specific conduct which would constitute such crime . . .." RCW 9A.28.030(1).

The fact Mr. Duke offered Mr. Oligney money to engage in criminal conduct would satisfy those elements of criminal solicitation. However, criminal solicitation under RCW 9A.28.030 also requires proof the solicitor intended the crime be committed. *See* WPIC 105.02 and notes thereto. Military courts have held that a "solicitation" to commit a crime where the solicitor does not intend the crime be committed

may be prosecuted as a "simple disorder" under article 134. *United States v. Benton*, 7 M.J. 606, 608 (1979). Other military courts have reached contrary conclusions, *see, e.g., United States v. Taylor*, 23 M.J. 314 (1987). The record in Mr. Duke's court-martial gives no indication the court found he intended the crime to have been committed. While some offenses under the Uniform Code of Military Justice may properly be included in determining a defendant's criminal history, Mr. Duke's court-martial conviction should not have been included.

■ Mr. Duke further contends the trial court erred in not giving him a sentence below the standard range. As a matter of law where a standard range sentence is given, the amount of time imposed is not an abuse of the trial court's discretion and may not be appealed. RCW 9.94A.210(1); *State v. Friederich-Tibbets*, 123 Wn.2d 250, 866 P.2d 1257 (1994); *State v. Mail*, 121 Wn.2d 707, 710, 854 P.2d 1042 (1993). An appellant may only challenge the procedure by which a sentence within the standard range was imposed. *Mail*, at 710-11. A trial court's rejection of mitigating factors to sentence within the standard range is also not subject to appeal. *Friederich-Tibbets*, at 252. Mr. Duke cannot appeal his standard range sentence. Here, however, the trial court noted that if the court-martial was not counted in Mr. Duke's offender score it would sentence him to 123 months.

Reversed and remanded for recomputation of Mr. Duke's offender score.

SWEENEY, A.C.J., and SCHULTHEIS, J., concur.