[No. 35810-3-I.   Division One.   August 25, 1997.]

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD
HENRY MUTCH, *Appellant*.

*Richard R. Tassano* of *Washington Appellate Project*, for appellant.

*David S. McEachran, Prosecuting Attorney,* and *Laura D. Hayes, Deputy,* for respondent.

PER CURIAM. — Richard Mutch appeals his life sentence under RCW 9.94A.120, Washington's persistent offender statute, contending that the trial court erred when it concluded that he was subject to that statute based on his two out-of-state convictions. He also appeals from his conviction for second degree rape and second degree kidnapping alleging various errors at trial. We hold that the trial court applied the correct test and properly determined that Mutch's foreign convictions are equivalent to most serious offenses in Washington. Finding no reversible trial error, we affirm.

## FACTS

In January 1994, Mutch met J.L. at an Amway meet-

ing. He approached her and said he was interested in selling Amway products with her. That evening they met at J.L.'s house. After discussing their Amway partnership, Mutch proposed marriage, J.L. accepted and they engaged in consensual sexual intercourse. The next day, Mutch returned and J.L. told him that she was no longer interested in marrying him but would still sell Amway products with him.

The two continued to attend meetings and see each other for several weeks, but had no sexual relations again until February 2. On that day, they watched videos at J.L.'s house with her daughter. After the videos were over, J.L. asked Mutch to leave, but he refused. Reluctantly, J.L. told him that she was going to sleep in her daughter's room and that he would have to sleep in the living room. Soon after they all went to bed, Mutch came into the room where J.L. was sleeping and told her that he wanted to talk to her. She told him that she was too tired to talk and that they could talk the next morning. Mutch hit her in the face, and she slapped him back. She went to the living room with him where he threatened her and again hit her. Mutch then told J.L. to take off her clothes. They engaged in multiple acts of sexual intercourse and oral sex. Eventually, Mutch got her a glass of water and allowed her to rest.

The next morning, while Mutch was sleeping, J.L. put a note in her daughter's boot and told her to give it to her aunt when she picked her up for school. The note said that Mutch was going to kill J.L. and instructed the aunt to call the police. After Mutch woke up, they again had sexual intercourse at Mutch's demand. After her daughter left for school, J.L. and Mutch went to the courthouse for a marriage license. While Mutch was filling out his application, J.L. handed the clerk a note which said Mutch was threatening her and that she needed help. The clerk called the sheriff who arrested Mutch.

After Mutch's arrest, J.L. went to the emergency room for an examination. Doctors noted several abrasions on

her face, bruises on her neck, and scratches on her back. Mutch was charged with five counts of first degree rape and one count of second degree kidnapping. After a trial, the jury convicted him of second degree rape and kidnapping. The trial court sentenced him to life without the possibility of parole under Washington's persistent offender statute, finding that he had previous convictions for robbery in California and a federal bank robbery conviction.

## DISCUSSION

### Foreign Convictions

Under RCW 9.94A.120, a persistent offender, one who has been convicted of two "most serious offenses," must be sentenced to life without parole upon conviction for a third such offense. "Most serious offenses" include any class A felony or other offense designated by the Legislature and listed in RCW 9.94A.030(23). Convictions from other jurisdictions which are comparable to Washington's most serious offenses are counted as prior convictions. RCW 9.94A.030(23)(u).

Mutch argues that the trial court should not have counted his 1966 California robbery and 1984 federal bank robbery convictions as prior convictions because the federal and California statutes are broader than Washington's comparable crimes.[1] He also asserts that the State failed to prove that his conduct would have violated any applicable Washington statute because it introduced only the federal indictment and record of conviction in California.

█ To determine whether a foreign conviction counts toward an offender score, the sentencing court first

---

[1]Mutch also contends that the statute is unconstitutional for various reasons. Since he filed his brief, the Supreme Court has considered and rejected each of his contentions. *See State v. Manussier*, 129 Wn.2d 652, 921 P.2d 473 (1996), *cert. denied*, 117 S. Ct. 1563 (1997); *State v. Thorne*, 129 Wn.2d 736, 921 P.2d 514 (1996). Given the Supreme Court's holdings in those cases, we need not consider his contentions further here.

compares the elements of the crime in the out-of-state statute to those of comparable Washington statutes in effect when the crime was committed. *State v. Luckett*, 73 Wn. App. 182, 187-88, 869 P.2d 75, *review denied*, 124 Wn.2d 1015 (1994). If the elements are the same, the prior conviction is included in the offender score. If they are not, or the foreign statute is broader than Washington's, the sentencing court may look at the defendant's conduct, as evidenced by the indictment or information, to determine whether the conduct would have violated the comparable Washington statute. *State v. Duke*, 77 Wn. App. 532, 535, 892 P.2d 120 (1995).

Mutch urges this court to require sentencing courts to review the transcript of the trial or plea hearing to determine whether the defendant's conduct as proved or admitted would have violated a Washington statute where the elements are not identical. We decline to do so because of the myriad logistical problems inherent in obtaining those documents, the consequent delays and the burden it would impose on the sentencing judge. Mutch has given us no compelling reason to impose such a burdensome requirement, and we can conceive of few circumstances in which this process would reveal a significant difference between the charging document and the behavior for which the defendant was in fact convicted.[2] We hold that sentencing courts should apply the same analysis to determine whether a foreign conviction is counted in the offender score, whether or not the defendant is a persistent offender.

Mutch argues that, even under this analysis, the federal bank robbery statute does not compare to any Washington statute. He posits three reasons: it has an alternate means which is not comparable to any Washington crime, the use of force element is broader in the federal statute, and federal bank robbery is a general intent crime. A defendant commits federal bank robbery if he,

---

[2]Were a defendant able to make such a showing, the trial court would of course retain discretion to require further evidence.

by force and violence, or by intimidation, takes, or attempts to take, from the person or presence of another, . . . any property or money or any other thing of value belonging to, or in the care, custody, control, management, or possession of, any bank, credit union, or any savings and loan association; or

. . . enters or attempts to enter any bank, credit union, or any savings and loan association, or any building used in whole or in part as a bank, credit union, or as a savings and loan association, with intent to commit in such bank, credit union, or in such savings and loan association, or building, or part thereof, so used, any felony affecting such bank, credit union, or such savings and loan association in violation of any statute of the United States . . .

18 U.S.C. § 2113(a).

We agree that the elements of the federal bank robbery statute are broader than Washington's robbery statute, and some acts that would violate the federal bank robbery statute would not constitute robbery in Washington. But under the second prong of the foreign convictions test, this is not relevant because Mutch's actual conduct satisfied the elements of Washington's robbery statute. In Washington, a defendant commits second degree robbery if he "takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone." RCW 9A.56.190. Second degree robbery is a most serious offense under the persistent offender statute. RCW 9.94A.030(23)(o). At sentencing, the State introduced the record of his conviction and indictment which charged Mutch, under the alias David Savanti, with entering a bank and taking money from a teller using "force, violence, and intimidation." Because this conduct would have supported a second degree robbery in Washington, the trial court properly counted his conviction as a prior most serious offense.

■ ■ We also disagree with Mutch's argument that

federal bank robbery is an exclusively federal crime which had washed out. RCW 9.94A.360(3) provides that "[i]f there is no clearly comparable offense under Washington law or the offense is one that is usually considered subject to exclusive federal jurisdiction, the offense shall be scored as a class C felony equivalent if it was a felony under the relevant federal statute." Class C felonies "wash out" after five years in the community without committing any crime. RCW 9.94A.360(2). A crime is not exclusively federal merely because it occurs in a federal jurisdiction, such as a bank. Rather, the nature of the crime, not its location, determines whether a crime is exclusively federal and governed by RCW 9.94A.360(3). *See State v. Villegas*, 72 Wn. App. 34, 863 P.2d 560 (1993), *review denied*, 124 Wn.2d 1002 (1994) (reentry of a deported alien is an exclusively federal crime). But for the location, bank robbery is equivalent to the state crime of robbery. We therefore reject Mutch's contention that it "washed out" and does not count as a prior conviction.

Mutch next contends that the trial court erred when it concluded that his California conviction was equivalent to a Washington robbery. Again, we compare the elements of the foreign crime to those of the Washington statute in effect at the time the crime was committed. The elements of the California robbery statute in 1966 were (1) taking of personal property, (2) from the victim or in his presence, (3) against his will, and (4) by means of force or fear. CAL. PENAL CODE § 211 (1966). In Washington, the elements of the comparable statute in 1966 were (1) placing the victim in fear of violence to his person or property and (2) taking something of value from the victim's person or in his presence. *State v. McDonald*, 74 Wn.2d 141, 143, 443 P.2d 651 (1968) (discussing former RCW 9.75.010). At sentencing, the State introduced the minutes from the California jury's verdict. That jury found that Mutch used force to take personal property from the victim. Therefore, his conduct would also have violated Washington's robbery statute in effect in 1966 and the second degree robbery statute under the current felony classification scheme.

440

The trial court properly counted Mutch's federal and California convictions as prior most serious offenses in Washington because his conduct met the elements of comparable Washington crimes. We affirm Mutch's sentence to life in prison without parole under RCW 9.94A.120.

The remainder of this opinion has no precedential value and will not be published in the Washington Appellate Reports but will be filed for public record in accordance with the rules governing unpublished opinions.

Review denied at 134 Wn.2d 1016 (1998).