[No. 17380-1-III. Division Three. December 28, 1999.]

THE STATE OF WASHINGTON, *Appellant*, v. RICHARD ALLEN RADAN, *Respondent*.

*Thomas A. Metzger, Prosecuting Attorney*, and *Antonio D. Koures, Deputy*, for appellant.

*Timothy D. Trageser*, for respondent.

KURTZ, A.C.J. — RCW 9.41.040 prohibits any person convicted of a felony from possessing a firearm. However, a person cannot be precluded from possession of a firearm if the predicate conviction has been the subject of a postconviction procedure based on a finding of rehabilitation or innocence under RCW 9.41.040(3). Richard A. Radan was charged with second degree unlawful possession of a firearm based on a prior felony conviction in Montana. The trial court dismissed the unlawful possession charge, concluding that Mr. Radan could not be prohibited from possessing a firearm in Washington when his rights had been fully restored under Montana law.

On appeal, the State contends the Montana restoration of rights procedure does not qualify as an "equivalent procedure" under RCW 9.41.040(3) because the Montana procedure is automatic and is not based on a finding of rehabilitation or innocence. Urging a broader reading of the term "equivalent procedure," Mr. Radan contends the Washington courts must grant full faith and credit to any restoration of rights determination rendered in another state. Alternatively, Mr. Radan asserts that the Montana order granting his early discharge from supervision was based on a finding of rehabilitation.

We conclude the Montana automatic restoration of rights procedure does not qualify as an "equivalent procedure" for purposes of RCW 9.41.040(3). We further conclude that Mr. Radan's discharge from supervision was not based on a finding of rehabilitation. Consequently, Mr. Radan cannot possess a firearm within the State of Washington without petitioning a court of record pursuant to RCW 9.41.040(4). The order of the superior court dismissing the charge is reversed and the matter is remanded.

## FACTS

On October 10, 1997, Mr. Radan was charged with one count of second degree unlawful possession of a firearm in violation of RCW 9.41.040. It was alleged that on September

9, Mr. Radan was found to be in possession of two firearms after a prior felony conviction in Montana. It is undisputed that (1) Mr. Radan was convicted of first degree theft, a felony, in Montana; (2) Mr. Radan's rights were later automatically restored under Montana law; and (3) Mr. Radan has not petitioned a Washington court to acquire firearm possession rights in Washington pursuant to RCW 9.41.040(4).

Mr. Radan subsequently filed a motion to dismiss asserting that his right to possess firearms had been restored under Montana law. Mr. Radan relied on Montana Criminal Code Section 46-18-801 which provides, in part, "if a person has been deprived of a civil or constitutional right by reason of conviction for an offense and the person's sentence has expired or the person has been pardoned, the person is restored to all civil rights and full citizenship, the same as if the conviction had not occurred." Additionally, article II, section 28 of the Montana State Constitution states: "Laws for the punishment of crime shall be founded on the principles of prevention and reformation. . . . Full rights are restored by termination of state supervision for any offense against the state." Mr. Radan also submitted documents demonstrating that he had been successfully discharged from supervision in Montana.

The court dismissed the charge concluding that Mr. Radan could lawfully possess firearms in Washington because his rights had been fully restored by the State of Montana. The court determined that "the test for whether a person would be prohibited from possessing a firearm in the State of Washington on an out of state felony conviction would be whether the person's rights were fully restored in the state where the conviction occurred." In reaching this conclusion, the court considered cases applying a similar federal statute, 18 U.S.C. § 921(a)(20). The State appeals.

## ANALYSIS

Article I, section 24 of the Washington Constitution

grants the right to bear arms to individuals of this state. The right to bear arms conferred in article I, section 24 is not absolute and is subject to "reasonable regulation" by the State under its police power. *Morris v. Blaker,* 118 Wn.2d 133, 144, 821 P.2d 482 (1992). Within constitutional limitations, the Legislature has the absolute power to define any act as a crime and establish the elements of that crime. *State v. Tyson,* 33 Wn. App. 859, 861-62, 658 P.2d 55, *review denied,* 99 Wn.2d 1023 (1983). To pass constitutional muster, an arms regulation must: (1) be a reasonable limitation, (2) be reasonably necessary to protect public safety or welfare, and (3) be substantially related to the ends sought. *City of Seattle v. Montana,* 129 Wn.2d 583, 594, 919 P.2d 1218 (1996). "[I]t is clear handgun legislation in Washington is designed to prohibit and punish potentially dangerous felons from possessing handguns." *State v. Jeffrey,* 77 Wn. App. 222, 226, 889 P.2d 956 (1995). "The unlawful possession of a firearm statute reduces the danger or probability of danger that is created when a felon is in possession of a firearm by making it a punishable offense." *State v. Anderson,* 94 Wn. App. 151, 157, 971 P.2d 585, *review granted,* 138 Wn.2d 1007 (1999).

The State charged Mr. Radan with unlawful possession of a firearm under RCW 9.41.040. This statute prohibits any person convicted of a felony from possessing a firearm. Previous felony convictions in Washington or elsewhere can serve as the predicate conviction for purposes of this statute. RCW 9.41.040(1)(a); RCW 9.41.010(12). Under RCW 9.41.040(3), a conviction includes "a dismissal entered after a period of probation, suspension or deferral of sentence, and also includes equivalent dispositions by courts in jurisdictions other than Washington state." Significantly, a person is not precluded from possession of a firearm:

> A person shall not be precluded from possession of a firearm if the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure *based on a finding of the rehabilitation of the person convicted*

or the conviction or disposition has been the subject of a pardon, annulment, or other equivalent procedure *based on a finding of innocence.*

RCW 9.41.040(3) (emphasis added). In some circumstances, a person prohibited from possession of a firearm may petition the court to have his right to possess a firearm restored. RCW 9.41.040(4).

The first question here is one of statutory construction as, appropriately, neither party challenges Washington's right to regulate the possession of firearms within its borders. On the one hand, the State contends that RCW 9.41.040(3) is unambiguous and that Mr. Radan fails to demonstrate that he qualifies under either of the exceptions because his rights were restored by a process that was automatic and did not include a finding of rehabilitation or innocence. On the other hand, urging a broad reading of the same statute, Mr. Radan asserts RCW 9.41.040(3) is ambiguous and must be read to recognize any restoration of rights determination made by the convicting state, regardless of the type of restoration procedure employed by that state. In sum, Mr. Radan asserts the language of RCW 9.41.040(3) encompasses any out-of-state restoration of rights procedure.

When interpreting a statute, the court must give effect to the plain meaning of the statutory language. *Cherry v. Municipality of Metro. Seattle,* 116 Wn.2d 794, 799, 808 P.2d 746 (1991). A court may not engage in statutory construction if the statute is unambiguous. *State v. Bolar,* 129 Wn.2d 361, 366, 917 P.2d 125 (1996). A statute is ambiguous if it is susceptible to two or more interpretations. *State v. McGee,* 122 Wn.2d 783, 787, 864 P.2d 912 (1993). If the statute may be interpreted in two alternative ways, the rule of lenity requires that the statute be construed against the State and in favor of the accused. *State v. Gore,* 101 Wn.2d 481, 485-86, 681 P.2d 227, 39 A.L.R.4TH 975 (1984). Nonetheless, where the statutory language is plain and unambiguous, its meaning must be derived from the wording of the statute itself. *Human*

*Rights Comm'n v. Cheney Sch. Dist. No. 30*, 97 Wn.2d 118, 121, 641 P.2d 163 (1982). Additionally, if a statute is unambiguous, the rule of lenity does not apply. *McGee*, 122 Wn.2d at 787.

■ RCW 9.41.040(3) is not ambiguous. This statute describes, in some detail, the type of postconviction procedure that enables a felon to possess a firearm in Washington without going through the petition process required in RCW 9.41.040(4). Specifically, under RCW 9.41.040(3), a person shall not be precluded from possession of a firearm in Washington if the conviction has been the subject of a postconviction procedure "based on a finding of the rehabilitation of the person convicted" or "a finding of innocence." Contrary to the assertions of Mr. Radan, this provision cannot be read to include any restoration procedure. Indeed, the statutory exemption applies only when it is established that the procedure included a fact-finding inquiry resulting in a finding of the rehabilitation or innocence of the felon in question. The Montana restoration of rights determination here was automatic and was not based on any fact-finding procedure. The plain language of RCW 9.41.040(3) does not encompass a blanket automatic restoration of rights procedure.

Mr. Radan next contends the Washington statutory scheme must be construed in the same manner as 18 U.S.C. § 921(a)(20). Under the federal scheme, any person convicted of a felony in any court is prohibited from possessing or transporting firearms in interstate or foreign commerce. 18 U.S.C. § 922(g)(1). More importantly, 18 U.S.C. § 921(a)(20) provides that "[w]hat constitutes a conviction of such a crime shall be determined in accordance with the law of the jurisdiction in which the proceedings were held" and that "[a]ny conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter[.]" In other words, the federal statute incorporates a choice of law provision and grants an exemption based on *any* resto-

ration of rights procedure. Because the federal scheme is different than the Washington scheme, the cases relied upon by Mr. Radan, *Beecham v. United States*, 511 U.S. 368, 114 S. Ct. 1669, 128 L. Ed. 2d 383 (1994), and *United States v. Dahms*, 938 F.2d 131 (9th Cir. 1991), reach a different result. These cases would be helpful if we were attempting to interpret or apply 18 U.S.C. § 921(a)(20). Unfortunately, Mr. Radan was charged with a violation of RCW 9.41.040 and we must apply the plain language of that statute.

 ██ Mr. Radan further contends that even if the exemptions detailed in RCW 9.41.040(3) do not apply, the State is prevented from charging him with unlawful possession of a firearm because the State of Washington must grant full faith and credit to the "judgment" by the State of Montana granting him full civil rights. "A judgment rendered by a court of one state, if valid, is entitled to recognition in the courts of another state by virtue of the full faith and credit clause." *In re Estate of Stein*, 78 Wn. App. 251, 261, 896 P.2d 740 (1995), *review denied*, 128 Wn.2d 1014 (1996). The full faith and credit clause is unavailable to assist Mr. Radan for two reasons. First, Mr. Radan fails to demonstrate that Montana's automatic restoration of rights procedure constitutes a "judgment" for purposes of the full faith and credit clause. Second, even if we assume the Montana determination constitutes a judgment, its impact is limited. Montana does not have the authority to regulate an individual's right to possess firearms in Washington.

When all is considered, it is clear that the Washington statutory scheme incorporates full faith and credit considerations. RCW 9.41.040(3) provides for the recognition of a "pardon, annulment, certificate of rehabilitation, or other equivalent procedure" provided it is based on a finding of rehabilitation or innocence. In other words, recognition is granted to those restoration of rights procedures where questions concerning a felon's rehabilitation or innocence are resolved through litigation. Simply stated, Washington

prohibits the possession of firearms by convicted felons, but will apply the principles of res judicata and exempt those convictions where a postconviction inquiry results in a finding of rehabilitation or innocence. Washington need not recognize an automatic restoration of rights determination based solely on the termination of supervision.

Mr. Radan also contends the Washington courts lack the jurisdiction to adjudicate convictions of other states or to grant or deny restoration of civil rights based on an out-of-state conviction. This argument is without merit because RCW 9.41.040(3) has no impact on the regulation of firearms in Montana and does not in any way impede the Montana criminal justice system. Of equal importance, Mr. Radan cites no authority suggesting that Washington is precluded from restricting the possession of firearms by convicted felons within the state. As we have seen, Washington has the right to regulate the possession of firearms within its borders and has done so with a fairly comprehensive statutory scheme.

Lastly, Mr. Radan asks this court to look beyond the automatic procedure and examine the nature of the underlying discharge. Mr. Radan was granted early discharge under MONTANA CRIMINAL CODE 46-23-1011(6), which provides:

> (a) Upon recommendation of the probation and parole officer, a judge may conditionally discharge a probationer from supervision before expiration of the probationer's sentence if:
>
> (i) the judge determines that a conditional discharge from supervision:
>
> (A) is in the best interests of the probationer and society; and
>
> (B) will not present unreasonable risk of danger to the victim of the offense.

Mr. Radan asserts the Montana order granting his early discharge was based on determinations that are the equivalent of a finding of rehabilitation under RCW 9.41.040(3).

Mr. Radan's argument is unpersuasive. MONTANA CRIMINAL CODE 46-23-1011(6)(a) permits a court to "conditionally discharge a probationer from supervision" if the court determines that "conditional discharge" poses no unreasonable risk to the victim and is in the best interests of society and the probationer. As the record here aptly demonstrates, a conditional discharge based on these determinations does not constitute a finding of rehabilitation for purposes of RCW 9.41.040(3). The order granting Mr. Radan's discharge reveals that early discharge was recommended because Mr. Radan (1) had no new arrests, (2) had paid the balance of his restitution, and (3) did not wish to return to Montana. While these determinations may support a conditional discharge under Montana law, they are not the equivalent of a finding of rehabilitation for purposes of RCW 9.41.040(3).

We conclude that Mr. Radan fails to demonstrate that he is exempt under RCW 9.41.040(3) or that he regained his right to possess a firearm pursuant to RCW 9.41.040(4). Mr. Radan may be charged with unlawful possession of a firearm in Washington.

Reversed and remanded.

BROWN and KATO, JJ., concur.

Review granted at 140 Wn.2d 1021 (2000).