[Nos. 17557-0-III; 17558-8-III;    Division Three.    July 11, 2000.]
17559-6-III.

THE STATE OF WASHINGTON, *Respondent*, v. JASON E. BUSH,
*Appellant*.

*N.S. Hagopian* (of *Fuller & Associates, P.S.*), for appellant.

*Gary A. Riesen, Prosecuting Attorney*, and *Kevin L. Forrest, Deputy*, for respondent.

KURTZ, C.J. — When calculating an offender score, out-of-state convictions are classified according to comparable Washington offenses. RCW 9.94A.360(3). As part of a comprehensive plea agreement, Jason E. Bush pleaded guilty to first degree possession of stolen property, unlawful possession of a firearm, and taking a motor vehicle without permission. The court imposed consecutive sentences. In this consolidated appeal, Mr. Bush contends the court erred in calculating his offender score by counting a Kansas misdemeanor conviction as the felony of third degree assault under RCW 9A.36.031(1)(g). Mr. Bush asserts the court's reclassification of the Kansas misdemeanor convic-

tion violated the full faith and credit clause of the United States Constitution. We affirm.

## FACTS

Jason E. Bush was charged with attempted second degree theft and second degree possession of stolen property. While this matter was pending, Mr. Bush was on conditions of release and failed to appear for a subsequent court hearing. Meanwhile, the State uncovered information indicating that Mr. Bush committed additional crimes while he was on conditions of release. These crimes included: unlawful issuance of bank checks, unlawful possession of a firearm, taking a motor vehicle without permission, and first degree theft.

Pursuant to a comprehensive plea agreement, Mr. Bush agreed to plead guilty to first degree possession of stolen property for activities occurring on August 30, 1997, unlawful possession of a firearm for activities occurring on September 23, 1997, and taking a motor vehicle without permission for activities occurring on November 27, 1997. The State agreed to dismiss charges of second degree attempted theft, and also agreed not to charge Mr. Bush with bail jumping, unlawful issuance of bank checks, false reporting, second degree burglary, and first degree theft. As part of the plea agreement, it was understood Mr. Bush would plead guilty to the three felony offenses knowing that the sentences would run consecutively and that the State would recommend the bottom of the standard range for each offense.

At a sentencing hearing held on April 20, 1998, the trial court continued the sentencing as to the two later crimes, but moved ahead with arguments related to the earlier crime, first degree possession of stolen property. Because Mr. Bush had a misdemeanor conviction for battery against a law enforcement officer in Kansas, the court heard argument as to the procedure for classifying out-of-state convictions for sentencing purposes. The State submitted the

information and the judgment and sentence pertaining to the Kansas misdemeanor conviction. The trial court took the issue under advisement prior to sentencing Mr. Bush on the stolen property charge.

On April 27, the trial court sentenced Mr. Bush for the crime of first degree possession of stolen property and issued oral findings and conclusions classifying the Kansas battery conviction as a comparable class C felony third degree assault or custodial assault for purposes of the offender score calculation and the standard range determination. Based on the offender score of 8 and a seriousness level of II, the court imposed a 33-month standard range sentence for the stolen property conviction.

On May 4, the written findings of fact and conclusions of law determining criminal history were entered as the appendix to the judgment and sentence for the stolen property conviction. Next, Mr. Bush first entered a guilty plea and was sentenced for second degree unlawful possession of a firearm and, second, entered a guilty plea and was sentenced for the conviction for taking a motor vehicle without the owner's permission. For each of these convictions, the court entered similar findings of fact and conclusions of law classifying the Kansas battery conviction as a comparable class C felony for purposes of the offender score calculation and the standard range determination.

Based on the offender score of 9 and a seriousness level of III, the court imposed a 51-month standard range sentence for the second degree unlawful possession of a firearm conviction. The sentence was run consecutive to the sentence for the stolen property conviction. Based on the offender score of 10 and a seriousness level of I, the court imposed a 22-month standard range sentence for the conviction for taking a motor vehicle without permission. This sentence was run consecutive with the sentences for the two other convictions. Mr. Bush appeals asserting the court miscalculated his offender score by counting the Kansas misdemeanor conviction as a felony.

## ANALYSIS

Did the trial court err by classifying the Kansas conviction for battery against a law enforcement officer as a felony in Washington for purposes of calculating Mr. Bush's offender score?

Mr. Bush contends the court erred by concluding that his misdemeanor conviction for battery against a law enforcement officer in Kansas constitutes the class C felony of third degree assault in Washington. Mr. Bush points out that under the Washington scheme "assault" encompasses both "assault" and "battery," whereas in Kansas, "assault" and "battery" are two different crimes. Mr. Bush maintains that the Washington statutory scheme and the Kansas statutory scheme are too dissimilar to support the court's determination that Mr. Bush's misdemeanor conviction in Kansas constitutes third degree assault in Washington. Mr. Bush further contends that the court erred by failing to review his conduct as set forth in the Kansas indictment and information. Additionally, Mr. Bush contends the Kansas conviction should not have been included when calculating his offender score because of the operation of RCW 9.94A.360(3).

■ An appellate court conducts a de novo review of a sentencing court's calculation of an offender score. *State v. McCraw*, 127 Wn.2d 281, 289, 898 P.2d 838 (1995).

■ RCW 9.94A.360(3) provides that out-of-state convictions are classified according to comparable Washington offenses. The sentencing court does this by comparing the elements of potentially comparable offenses. *State v. Ford*, 137 Wn.2d 472, 479, 973 P.2d 452 (1999). If there is a comparable offense, the court must determine whether it is a class A, B, or C felony. *State v. Weiand*, 66 Wn. App. 29, 32, 831 P.2d 749 (1992); *see also State v. Morley*, 134 Wn.2d 588, 606, 952 P.2d 167 (1998). The critical determination is under what Washington statute could the defendant have been convicted if he or she had committed the same acts in Washington. *State v. McCorkle*, 88 Wn. App. 485, 495, 945

P.2d 736 (1997), *aff'd*, 137 Wn.2d 490, 973 P.2d 461 (1999). The purpose of RCW 9.94A.360(3) is to ensure that defendants with equivalent prior convictions are treated the same way regardless of whether those prior convictions were incurred in Washington or elsewhere. *Weiand*, 66 Wn. App. at 34.

The Kansas information charging Mr. Bush with battery on a law enforcement officer in violation of Kan. Stat. Ann. § 21-3413 alleged that on March 13, 1994, in Cowley County, Kansas, Mr. Bush:

> [D]id then and there unlawfully, willfully and intentionally cause physical contact with another person, to-wit: Sandra J. Caulfield, a uniformed or properly identified county law enforcement officer, while said officer was engaged in the performance of her duty and done in a rude, insulting or angry manner.

Kan. Stat. Ann. § 21-3412(a) defines "battery" as:

> (1) Intentionally or recklessly causing bodily harm to another person; or
>
> (2) [I]ntentionally causing physical contact with another person when done in a rude, insulting or angry manner.

Kan. Stat. Ann. § 21-3413 defines "[b]attery against a law enforcement officer" as follows:

> Battery against a law enforcement officer is a battery, as defined in K.S.A. 21-3412 and amendments thereto:
>
> (a)(1) Committed against a uniformed or properly identified state, county or city law enforcement officer . . . while such officer is engaged in the performance of such officer's duty;
>
> . . . .
>
> (b) Battery against a law enforcement officer as defined in subsection (a)(1) is a class A person misdemeanor.

"Assault" is not statutorily defined in Washington, but Washington recognizes three common law definitions, including " 'an unlawful touching with criminal intent [actual battery].' " *State v. Wilson*, 125 Wn.2d 212, 217, 218, 883 P.2d 320 (1994) (quoting *State v. Bland*, 71 Wn. App. 345,

353, 860 P.2d 1046 (1993)). RCW 9A.36.031(1)(g) provides one alternative definition of the class C felony of third degree assault:

(1) A person is guilty of assault in the third degree if he or she, under circumstances not amounting to assault in the first or second degree:

. . . .

(g) Assaults a law enforcement officer or other employee of a law enforcement agency who was performing his or her official duties at the time of the assault.

RCW 9A.36.100(1)(b) states that a person is guilty of the class C felony of custodial assault if the person "[a]ssaults a full or part-time staff member or volunteer, any educational personnel, any personal service provider, or any vendor or agent thereof at any adult corrections institution or local adult detention facilities who was performing official duties at the time of the assault." Under RCW 9A.36.100(1)(c)(i):

(1) A person is guilty of custodial assault if that person is not guilty of assault in the first or second degree and where the person:

. . . .

(c)(i) Assaults a full or part-time community correction officer while the officer is performing official duties. . . .

The trial court concluded that the Kansas criminal statute for battery against a law enforcement officer was comparable to the Washington statute for assault in the third degree, RCW 9A.36.031(1)(g), and custodial assault under RCW 9A.36.100(1)(b). The State equates the Kansas crime with the definition of custodial assault under RCW 9A.36.100(1)(c)(i). Mr. Bush was convicted in Kansas of unlawful and intentional physical contact with a uniformed or properly identified officer who was engaged in the performance of her duties. Mr. Bush's battery, had it occurred in Washington, would have constituted the felony of third degree assault. The court did not err by concluding that a Kansas conviction of battery against a law enforcement officer was comparable to third degree assault as defined in

RCW 9A.36.031(1)(g). Because the offense definitions set forth in Kan. Stat. Ann. § 21-3413 are clearly comparable to the offense definition in RCW 9A.36.031(1)(g), we need not expand our inquiry to include a comparison of the various offense definitions for custodial assault. Additionally, the documents are inconclusive as to whether Officer Caulfield was a law enforcement officer or a community corrections officer and whether the incident occurred inside a correctional facility.

Mr. Bush contends the offense definitions contained in RCW 9A.36.031(1)(g) and Kan. Stat. Ann. § 21-3413 are not similar because the Washington statute requires that the person know that the victim is a police officer and the Kansas statute requires merely that the officer be "properly identified." We disagree. The Kansas statute requires the officer to be "uniformed or properly identified." The Kansas knowledge requirement is comparable to the Washington knowledge requirement.

Mr. Bush urges this court to conduct a comparative analysis of Kansas and Washington law related to assault and battery. Mr. Bush points out that in Washington "assault" is an umbrella term encompassing both "assault" and "battery," whereas in Kansas, "assault" and "battery" are two different crimes. In Mr. Bush's view, RCW 9A.36.031(1)(g) cannot be comparable to Kan. Stat. Ann. § 21-3413 because of this fundamental difference underlying the two statutory schemes. He gives several examples to support this argument. For example, Mr. Bush points out that in Kansas an "assault" requires that the victim be placed in reasonable apprehension of immediate danger, whereas Washington does not have this requirement.

To determine whether a foreign conviction should be included in an offender score, the sentencing court compares the elements of the crime in the out-of-state statute to those of comparable Washington statutes in effect when the crime was committed. *State v. Mutch*, 87 Wn. App. 433, 436-37, 942 P.2d 1018 (1997), *review denied*, 134 Wn.2d 1016 (1998). If the elements are the same, the inquiry is

concluded, and the prior conviction is included in the offender score. If the elements are not the same, or if the foreign statute is broader than the Washington statute, the sentencing court may look at the defendant's conduct, as evidenced by the indictment or information, to determine whether the conduct would have violated the comparable Washington statute. *Id.* However, nothing in the case law supports Mr. Bush's argument that the sentencing court must engage in a detailed comparative analysis of the theoretical underpinnings of each statutory scheme. The sentencing court here did not err in comparing the offense definitions, finding a match, and including the conviction in the offender score. In short, neither the sentencing court nor this court must engage in an analysis of any out-of-state statutes other than the one under which the defendant was convicted.

■ Relying on *State v. Morley*, 134 Wn.2d 588, 952 P.2d 167 (1998), and *State v. Duke*, 77 Wn. App. 532, 892 P.2d 120 (1995), Mr. Bush next argues that the sentencing court erred by failing to review either the indictment or the information filed in connection with the Kansas conviction. Mr. Bush misunderstands *Morley* and *Duke* as these cases explain that the sentencing court may look at the defendant's conduct if the court's analysis indicates that the elements of the foreign conviction are not identical or if the foreign statute is broader than the Washington definition of the particular crime. *Morely*, 134 Wn.2d at 606; *Duke*, 77 Wn. App. at 535. Here, the offense definitions are comparable and the sentencing court need not examine Mr. Bush's conduct.

Last, Mr. Bush contends the Kansas conviction should not have been considered when calculating his offender score because of the operation of RCW 9.94A.360(3). RCW 9.94A.360(3) provides as follows:

> Out-of-state convictions for offenses shall be classified according to the comparable offense definitions and sentences provided by Washington law. Federal convictions for offenses shall be classified according to the comparable offense defini-

tions and sentences provided by Washington law. If there is no clearly comparable offense under Washington law or the offense is one that is usually considered subject to exclusive federal jurisdiction, the offense shall be scored as a class C felony equivalent if it was a felony under the relevant federal statute.

Mr. Bush asserts RCW 9.94A.360(3) must be construed to mean that, in the absence of a comparable Washington offense for an out-of-state nonfederal conviction, the conviction shall be treated as a class C felony if it would be a felony in the jurisdiction where the conviction was obtained. Because we conclude that Mr. Bush's Kansas conviction for battery against a law enforcement officer is comparable to third degree assault under RCW 9A.36.031(1)(g), we need not address the application of RCW 9.94A.360(3) in situations where there is no comparable offense.

Does RCW 9.94A.360(3) violate the full faith and credit clause of the United States Constitution by permitting out-of-state misdemeanor convictions to be classified as felonies in Washington?

Mr. Bush contends RCW 9.94A.360(3) violates the full faith and credit clause because the statute directs Washington courts to ignore convictions entered in other states. Specifically, Mr. Bush asserts the sentencing court here violated the full faith and credit clause by reclassifying the Kansas misdemeanor conviction as a felony and failing to recognize the conviction entered by the Kansas court. According to Mr. Bush, the court's reclassification of the Kansas conviction improperly increased his offender score, adding 19 months to his sentence. He asserts the sentencing court erred by failing to give full faith and credit to the Kansas decision classifying his conviction as a misdemeanor.

Under the full faith and credit clause, article IV, section 1 of the United States Constitution, states must recognize a final judgment entered by the court of a sister state if that court had jurisdiction of the parties and the

subject matter. *In re Estate of Tolson*, 89 Wn. App. 21, 30, 947 P.2d 1242 (1997). As a result, the full faith and credit clause requires that Washington courts recognize the validity of a sister state's criminal convictions. *State v. Johnston*, 17 Wn. App. 486, 497, 564 P.2d 1159, *review denied*, 89 Wn.2d 1007 (1977).[1]

■ The purpose of RCW 9.94A.360(3) is to ensure that defendants with equivalent prior convictions are treated the same way regardless of whether those prior convictions were incurred in Washington or elsewhere. *State v. Weiand*, 66 Wn. App. 29, 34, 831 P.2d 749 (1992). The operation of RCW 9.94A.360(3) is consistent with the intent of the Sentencing Reform Act of 1981 (SRA) to "[e]nsure that the punishment for a criminal offense is proportionate to the seriousness of the offense and the offender's criminal history." RCW 9.94A.010(1). "It would be inconsistent with the stated purpose of the SRA to construe the statute so that a defendant who committed a violent felony out of state avoids the imposition of a greater sentence merely because the other state imposes a shorter prison term than would Washington." *State v. Franklin*, 46 Wn. App. 84, 88, 729 P.2d 70 (1986), *rev'd on other grounds sub nom. State v. Dunaway*, 109 Wn.2d 207, 743 P.2d 1237 (1987). The elements of the crime, not its maximum punishment, determine whether a crime is comparable. *State v. Wiley*, 124 Wn.2d 679, 684, 880 P.2d 983 (1994).

■ RCW 9.94A.360(3) does not violate the full faith and credit clause because this provision does not operate to invalidate out-of-state convictions. Under RCW 9.94A.360(3), the sentencing court is directed to recognize the validity

---

[1] When discussing the full faith and credit clause, the State relies on *City of Yakima v. Aubrey*, 85 Wn. App. 199, 203, 931 P.2d 927, *review denied*, 132 Wn.2d 1011 (1997), which sets forth the criteria for recognition of foreign judgments. This analysis applies to judgments entered in foreign countries and permits the enforcing court to determine whether the decree contravenes the public policy of the enforcing state. A state must recognize the judgment of a sister state if that court had jurisdiction of the parties and the subject matter. A court enforcing the judgment of a sister state does not engage in an inquiry as to whether the judgment of the sister state contravenes the policy of the enforcing state. *See Rains v. Department of Soc. & Health Servs.*, 98 Wn. App. 127, 132, 989 P.2d 558 (1999).

of the out-of-state conviction, but the sentencing court is authorized to reclassify the conviction of a sister state to determine punishment for a current in-state conviction. This reclassification process has no impact on the full faith and credit clause because a sister state has no authority to regulate Washington's sentencing process. *See State v. Radan*, 98 Wn. App. 652, 660, 990 P.2d 962 (1999).

Affirmed.

SCHULTHEIS and BROWN, JJ., concur.