[No. 16977-4-III.   Division Three.   March 16, 1999.]

ROBERT MCBRIDE, ET AL., *Appellants*, v. WALLA WALLA COUNTY, *Respondent*.

34

*Mark Stansfield* and *Robert F. Hedrick*, for appellants.

*Cassel, Beuhler & Hotchkiss, P.S.*, by *Anthony J. Di Tommaso, Jr.*, for respondent.

KATO, J. — Robert and Patricia McBride appeal an order dismissing their complaint for damages against Walla Walla County. They argue the court erred by excluding a police

expert's declaration in support of their motion for partial summary judgment. The McBrides also contend the court erred by granting the County's motion for summary judgment on the basis that there was probable cause to arrest Mr. McBride as a matter of law. We affirm.

On November 2, 1996, the McBrides' two sons, 16-year-old Adam and 18-year-old Bryan, came home after a party. The McBrides awoke when they heard a confrontation between the two boys. Adam said Bryan was high on marijuana and still had some in his possession. Mr. McBride confronted Bryan and demanded that he give him the marijuana. Bryan refused and shouted profanities at his brother. Bryan went to the bathroom where he flushed the marijuana down the toilet. Mr. McBride tried to get Bryan to calm down. Instead, his son became more enraged and began shoving and pushing Mr. McBride. Bryan threw two punches at his father. To protect himself from Bryan's third punch, Mr. McBride swung back and hit him in the jaw. Because Bryan was injured, the McBrides took him to the hospital.

At the hospital, Bryan was sedated and unable to talk. A nurse asked Mr. McBride what happened. He told her and she contacted the police. Deputy Sheriff Gary Bolster responded to the call. He took a statement from the McBrides. The deputy then arrested Mr. McBride for fourth degree assault/domestic violence.

Mr. McBride spent one night in the Walla Walla jail and was released the next morning without bail. Eight days later, the charge against Mr. McBride was dismissed "because further review of the case and discussion with Deputy Bolster indicates a self-defense case."

On May 7, 1997, the McBrides brought this action against the County, alleging violation of civil rights (42 U.S.C. § 1983), false arrest, malicious prosecution, intentional infliction of emotional distress, outrage, negligent training and supervision, negligent infliction of emotional

distress, and false imprisonment. The County moved for summary judgment dismissal, claiming Officer Bolster had probable cause to arrest Mr. McBride as a matter of law.

Ten days prior to the summary judgment hearing, the McBrides filed a motion for partial summary judgment, arguing the officer did not have probable cause for an arrest because the information available to him established Mr. McBride acted in self-defense. The County objected to the motion because it was untimely.

In support of the motion for summary judgment, the McBrides presented the affidavit of D.P. Van Blaricom, a retired police expert, four days prior to the hearing. The County claimed unfair surprise and untimeliness and moved to exclude the declaration. Mr. Van Blaricom's affidavit indicated that "no reasonable law enforcement officer could have believed that Robert McBride was the 'primary physical aggressor.' "

The trial court excluded the affidavit as being untimely and granted the County's motion for summary judgment. The court determined a claim of self-defense did not vitiate probable cause to arrest. According to the court, "it is not up to that officer to determine whether or not there is [a] self defense, affirmative defense available. That, the prosecuting attorney could do, but it is not up to that officer, particularly in view of the mandate of 10.31.100." The McBrides appeal.

■ ■ The McBrides claim the trial court erred by excluding the affidavit of Mr. Van Blaricom. CR 56(e) states affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." An adverse party may not rest upon mere allegations or denials, but must instead set forth specific facts showing the existence of a genuine issue for trial. CR 56(e); *Ruffer v. St. Frances Cabrini Hosp.*, 56 Wn. App. 625, 628, 784 P.2d 1288; *review denied*, 114 Wn.2d 1023 (1990). The affiant must testify to facts based on personal knowledge. CR 56(e); *Grimwood v.*

*University of Puget Sound, Inc.*, 110 Wn.2d 355, 359, 753 P.2d 517 (1988). A "fact" is a reality rather than supposition or opinion. *Grimwood*, 110 Wn.2d at 359. A trial court does not abuse its discretion by excluding a declaration containing legal conclusions. *King County Fire Protection Dist. No. 16 v. Housing Auth.*, 123 Wn.2d 819, 826, 872 P.2d 516 (1994).

The McBrides concede the declaration of Mr. Van Blaricom was untimely filed. But they claim the court abused its discretion in refusing to consider it anyway. The declaration stated (1) Mr. McBride clearly acted in self-defense; (2) no reasonable law enforcement officer could have believed that Robert McBride was the primary physical aggressor; and (3) it was his professional opinion that Deputy Gary Bolster was negligently trained in Washington's domestic violence statute. Mr. McBride claims he thus conclusively established the lack of probable cause.

The trial court was not required to consider the declaration because it was untimely. Furthermore, the court did not abuse its discretion by excluding the affidavit because it contained conclusory assertions rather than factual allegations. Nothing in the declaration set forth specific facts indicating a genuine issue of material fact existed. There was no error.

█ The McBrides next contend the court erred by granting the County's motion for summary judgment because an issue of fact exists as to whether there was probable cause to arrest him. Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." CR 56(c). In reviewing an order of summary judgment, this court engages in the same inquiry as the trial court. *Our Lady of Lourdes Hosp. v. Franklin County*, 120 Wn.2d 439, 451, 842 P.2d 956 (1993). All facts and reasonable inferences from the facts are considered in the light most favorable to the nonmoving party. *Mountain Park*

*Homeowners Ass'n v. Tydings*, 125 Wn.2d 337, 341, 883 P.2d 1383 (1994). Questions of law are reviewed de novo. *Id.*

The McBrides sued Walla Walla County for violation of civil rights (42 U.S.C. § 1983), false arrest, malicious prosecution, intentional infliction of emotional distress, outrage, negligent training and supervision, negligent infliction of emotional distress, and false imprisonment. They contend the court erred in holding, as a matter of law, that Officer Bolster had probable cause to arrest Mr. McBride in the face of uncontroverted facts establishing he acted in self-defense.

■ The existence of probable cause is a complete defense to an action for false arrest, false imprisonment, or malicious prosecution. *Hanson v. City of Snohomish*, 121 Wn.2d 552, 563-64, 852 P.2d 295 (1993); *Fondren v. Klickitat County*, 79 Wn. App. 850, 856, 905 P.2d 928 (1995). Probable cause exists when an officer has reasonable grounds to believe a suspect has committed *or is* committing a crime due to the surrounding circumstances. *State v. Gonzales*, 46 Wn. App. 388, 395, 731 P.2d 1101 (1986). It is a reasonableness test, considering the time, place, and circumstances, and the officer's special expertise in identifying criminal behavior. *Id.* While probable cause is not a technical inquiry, there must be more than bare suspicion of criminal activity. *State v. Terrovona*, 105 Wn.2d 632, 643, 716 P.2d 295 (1986), *cert. denied*, 499 U.S. 979 (1991). Probability, not a prima facie showing of criminal activity, is the standard for probable cause. *State v. Patterson*, 83 Wn.2d 49, 55, 515 P.2d 496 (1973). In a false arrest action, the rule is that "unless the evidence conclusively and without contradiction establishes the lawfulness of the arrest, it is a question of fact for the jury to determine whether an arresting officer acted with probable cause." *Gurno v. Town of LaConner*, 65 Wn. App. 218, 223, 828 P.2d 49, *review denied*, 119 Wn.2d 1019 (1992).

■ Officer Bolster arrested Mr. McBride pursuant to RCW 10.31.100(2)(b), the domestic violence section. If the

officer responding to a domestic violence call "has probable cause to believe that a crime has been committed, the peace officer shall exercise arrest powers with reference to the criteria in RCW 10.31.100." RCW 10.99.030(6)(a). Accordingly, a police officer must take a suspect into custody if the officer believes the suspect committed an assault against a family or household member. RCW 10.31.100(2)(b).

Here, Officer Bolster was dispatched to the hospital where he learned Mr. McBride apparently assaulted his son. Bryan was admitted to the hospital with a broken jaw. He was sedated and unable to talk. Mr. McBride admitted causing his son's injuries. The officer clearly had probable cause to arrest Mr. McBride. Under the circumstances, Officer Bolster had reasonable grounds to believe the father committed a crime. Since he had probable cause, the officer was required under RCW 10.31.100(2)(b) to make the arrest.

> [W]here an officer has legal grounds to make an arrest he has considerable discretion to do so. In regard to domestic violence, the rule is the reverse. If the officer has legal grounds to arrest pursuant to the statute, he has a mandatory duty to make the arrest.

*Jacques v. Sharp*, 83 Wn. App. 532, 543-44, 922 P.2d 145 (1996) (quoting *Donaldson v. City of Seattle*, 65 Wn. App. 661, 670, 831 P.2d 1098 (1992), *review dismissed*, 120 Wn.2d 1031 (1993)).

The question raised here is whether the officer had probable cause to arrest Mr. McBride in light of the fact that the McBrides' statements to the officer at the hospital indicated the father acted in self-defense. The McBrides argue it was the officer's duty to evaluate the self-defense claim and determine whether it vitiated the existence of probable cause.

The use of force is lawful when used by a person about to be injured. RCW 9A.16.020(3). Self-defense is an affirmative defense. *See State v. Thompson*, 13 Wn. App. 1, 6,

533 P.2d 395 (1975). To establish self-defense, a person must establish that a reasonably cautious and prudent person in his situation would use similar force. *State v. Theroff*, 95 Wn.2d 385, 390, 622 P.2d 1240 (1980). He must also show that he reasonably believed he was in danger of bodily harm. *Id.* Whether an individual acted in self-defense is typically a question for the trier of fact. *See State v. Fischer*, 23 Wn. App. 756, 759, 598 P.2d 742, *review denied*, 92 Wn.2d 1038 (1979); *Thompson*, 13 Wn. App. at 6.

Mr. McBride does not dispute he hit his son, but claims the officer could not have had probable cause to arrest him because the uncontroverted facts, known to the officer, established self-defense. Self-defense is an affirmative defense which can be asserted to render an otherwise unlawful act lawful. But the arresting officer does not make this determination. The officer is not judge or jury; he does not decide if the legal standard for self-defense is met. Moreover, Officer Bolster was unable to speak with Bryan at the time of the arrest. He had only one side of the story. Mr. McBride's claim of self-defense was then a mere assertion, not fact. The self-defense claim did not vitiate probable cause and the officer had a mandatory duty to arrest pursuant to the domestic violence section in RCW 10.31-.100(2)(b). The court did not err by granting the County's motion for summary judgment.[1]

The McBrides filed a motion to amend their brief to include a claim for attorney fees under 42 U.S.C. § 1988. If they were to prevail eventually on the 42 U.S.C. § 1983 claim in the event of a successful appeal, they could request fees under § 1988. But since they did not prevail here, they are not entitled to attorney fees. We deny their request to amend the brief.

Affirmed.

---

[1]We thus need not address the issue regarding the untimeliness of the McBrides' motion for partial summary judgment.

SCHULTHEIS, C.J., and BROWN, J., concur.

Review denied at 138 Wn.2d 1015 (1999).