41 P.3d 1235 (2002)
110 Wash.App. 544
STATE of Washington, Respondent,
v.
Arthur Camel SHEPHERD, Jr., aka Ocean Israel Shepherd, Appellant.
No. 19315-2-III.
Court of Appeals of Washington, Division 3, Panel Nine.
March 12, 2002.
Frank L. Cikutovich, Patrick K. Stiley, Stiley, Madel & Cikutovich, Spokane, for Appellant.
*1236 Allen C. Nielson, Deputy Pros. Atty., Colville, for Respondent.
SWEENEY, J.
This is the first time a court has had to interpret and apply Washington Initiative Measure No. 692, chapter 69.51A RCW, the Medical Use of Marijuana Act (the Act). The State charged Arthur C. Shepherd with manufacturing marijuana, although the State and Mr. Shepherd ultimately stipulated to the substitution of a reduced charge, felony possession of marijuana. Mr. Shepherd presented evidence that he was a primary caregiver pursuant to the Act and that he provided marijuana to a "qualifying patient," again as defined by the Act.
The question here is whether the showing he made is sufficient under the Act to satisfy the Act's requirements for an affirmative defense to his charge. Specifically, whether a physician's statement that "the potential benefits of the medical use of marijuana may outweigh the health risks for this patient"[1] is sufficient to satisfy the "valid documentation" requirement of the Act that "the potential benefits of the medical use of marijuana would likely outweigh the health risks for a particular qualifying patient[.]" RCW 69.51A.010(5)(a) (emphasis added). We conclude that it does not.
We also find that Mr. Shepherd's showing (a report from the Oakland City Council Public Safety Committee dated June 23, 1998, setting out the protocol for calculating the required quantity of marijuana) is not sufficient to satisfy the requirements that the primary caregiver
[p]ossess, in combination with and as an agent for the qualifying patient, no more marijuana than is necessary for the patient's personal, medical use, not exceeding the amount necessary for a sixty-day supply[.]
RCW 69.51A.040(4)(b). We therefore affirm the conviction.

FACTS
Mr. Shepherd was convicted on stipulated facts and exhibits. That has implications for our standard of review as we will explain later in this opinion.
Washington voters passed Initiative Measure No. 692 on November 3, 1998. Chapter 69.51A RCW. Mr. Shepherd, who also goes by Ocean Israel Shepherd, tried to comply with that Act and grow marijuana for his friend, John Wilson. As part of this process, Mr. Wilson designated Mr. Shepherd as his primary caregiver:
I am designating Ocean Israel Shepherd, also known as Arthur Camel Shepherd, as my primary caregiver under the terms and conditions of I-692.
Defendant's Ex. 16. Mr. Wilson suffers from a variety of conditions including bipolar disorder and a debilitating spine condition. The spine condition also disables him from growing and maintaining his own marijuana supply. Although Mr. Shepherd is designated as Mr. Wilson's caregiver, his only contribution to Mr. Wilson's care is to raise and supply the marijuana, which is the source of Mr. Shepherd's current legal difficulties.
Mr. Wilson is treated by Dr. Gregg Sharp. He provided Mr. Wilson with an "Authorization to Possess Marijuana for Medical Purposes in Washington State":
I have diagnosed and am treating the above named patient for a terminal illness or debilitating condition as defined in RCW 69.51A.010 (should the conditions be listed, a check list? I think not as it may be seen as violating physician-patient confidentiality).
I have advised the above named patient about the potential risks and benefits of the medical use of marijuana. I have assessed the above named patient's medical history and medical condition. It is my medical opinion that the potential benefits of the medical use of marijuana may outweigh the health risks for this patient.
Defendant's Ex. 17.
A number of government agencies work together on joint marijuana eradication in northern Stevens County. As part of that program, they spotted Mr. Shepherd's marijuana grow. Police first seized 15 marijuana plants from Mr. Shepherd. Mr. Shepherd sued to recover the plants. He presented documentation from Dr. Sharp to support Mr. Wilson's need for the marijuana and Mr. *1237 Wilson's statement that Mr. Shepherd was the primary caregiver. Judge Larry Kristianson refused to return the plants. He concluded that the statement by Mr. Wilson's doctor was inadequate because it failed to set out the specific nature of Mr. Wilson's medical condition. Judge Kristianson also concluded that Mr. Shepherd could not be Mr. Wilson's primary caregiver because primary caregiver status contemplated something more than merely supplying medical marijuana.
Following Judge Kristianson's determination and armed with the same documentation, Mr. Shepherd repeatedly went to both the Stevens County sheriff and the prosecuting attorney and declared that he was growing medical marijuana. Later the sheriff's office seized another 20 to 31 plants from Mr. Shepherd's property. None of the plants were mature enough at this time to use.
The State charged Mr. Shepherd by amended complaint with felony possession of marijuana. He waived his right to a jury trial. The lawyers then submitted the case to the court on stipulated facts. Judge Rebecca Baker found that Mr. Shepherd was Mr. Wilson's primary caregiver and satisfied the Act's requirements for a primary caregiver. But she also concluded that Mr. Shepherd failed to prove that he maintained only a 60-day supply.
Judge Baker also concluded that Dr. Sharp's statement of need was inadequate because it only specified that Mr. Wilson "may benefit from the medical use of marijuana" (Clerk's Papers (CP) at 13), whereas the statute requires a statement from the doctor that "the potential benefits of the medical use of marijuana would likely outweigh the health risks," RCW 69.51A.010(5)(a) (emphasis added).

THE MEDICAL USE OF MARIJUANA ACT
In 1998, the citizens of Washington enacted the Medical Use of Marijuana Act by way of Initiative Measure No. 692. RCW 69.51A.005. The Act is codified in chapter 69.51A RCW. The purpose of the Act is to allow patients with terminal or debilitating illnesses to use marijuana when authorized by their treating physician. RCW 69.51A.005. The Act also protects people who supply marijuana to such patients: "Persons who act as primary caregivers to such patients shall also not be found guilty of a crime under state law for assisting with the medical use of marijuana[.]" RCW 69.51A.005.
The Act provides an affirmative defense for patients and caregivers against Washington laws relating to marijuana:
(1) ... any designated primary caregiver who assists a qualifying patient in the medical use of marijuana, will be deemed to have established an affirmative defense to such charges by proof of his or her compliance with the requirements provided in this chapter....
....
(4) The designated primary caregiver shall:
(a) Meet all criteria for status as a primary caregiver to a qualifying patient;
(b) Possess, in combination with and as an agent for the qualifying patient, no more marijuana than is necessary for the patient's personal, medical use, not exceeding the amount necessary for a sixty-day supply;
(c) Present a copy of the qualifying patient's valid documentation required by this chapter, as well as evidence of designation to act as primary caregiver by the patient, to any law enforcement official requesting such information;
(d) Be prohibited from consuming marijuana obtained for the personal, medical use of the patient for whom the individual is acting as primary caregiver; and
(e) Be the primary caregiver to only one patient at any one time.
RCW 69.51A.040.

STANDARD OF REVIEW
This conviction rests upon stipulated facts and exhibits. The court considered no live *1238 testimony in concluding that Mr. Shepherd was guilty. Our review is therefore de novo. State v. Karpenski, 94 Wash.App. 80, 104, 971 P.2d 553 (1999). Moreover, the issues before us are whether the court's factual findings are adequate to support the court's conclusion that Mr. Shepherd has failed in his burden of satisfying the requirements of the Medical Use of Marijuana Act. So for that reason also our review is de novo. State v. Hurt, 107 Wash.App. 816, 822, 27 P.3d 1276 (2001) (interpretation of a statute is reviewed de novo).

BURDEN OF PROOF
Mr. Shepherd is required to show only by a preponderance of evidence that he has met the requirements of the Medical Use of Marijuana Act for affirmatively defending this criminal prosecution. State v. Riker, 123 Wash.2d 351, 368, 869 P.2d 43 (1994). That means considering all the evidence the proposition asserted must be more probably true than not true. 11 WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 52.01 (2d ed.1994); United States v. Lemon, 824 F.2d 763 (9th Cir.1987).
We focus on two questions. First, whether Mr. Shepherd's documentation satisfies the Act's requirement of valid documentation. RCW 69.51A.040(4)(c). And, next, whether the stipulated facts satisfy the Act's limitation to marijuana possession not to exceed a 60-day supply. RCW 69.51A.040(4)(b).

VALID DOCUMENTATION
The trial court found, and we agree, that Mr. Wilson satisfies the requirements of a "qualifying patient." RCW 69.51A.010(3). That is, someone who has been diagnosed with a debilitating medical condition, has been advised of the risks and benefits of the use of marijuana, and has been advised by the physician that he or she may benefit from the medical use of marijuana.
But the Act requires more. It also requires "valid documentation" to prove the affirmative defense. RCW 69.51A.040(4)(c). And the Act is very specific in the elements required for valid documentation. It requires (1) a statement, (2) signed by a qualifying patient's physician (or a copy of the qualifying patient's pertinent medical records) which states, (3) that in the physician's professional opinion, (4) the potential benefits of the medical use of marijuana would likely outweigh the health risks for a particular qualifying patient. RCW 69.51A.010(5)(a). It is not enough, as Dr. Sharp did here, to simply say that the potential benefits of the medical use of marijuana may outweigh the health risks for a particular patient.
The required proof is tantamount to the level of certainty required of expert opinions in courts. And a well-developed body of law in this state sets out the requirements for admission of professional opinions when the expert must express an opinion on a "more likely than not" basis. Expert testimony should express "`a reasonable probability rather than mere conjecture or speculation.'" Davidson v. Municipality of Metro. Seattle, 43 Wash.App. 569, 571, 719 P.2d 569 (1986) (quoting 5A KARL B. TEGLAND, WASHINGTON PRACTICE, EVIDENCE LAW AND PRACTICE § 291, at 36 (1982)). For example, medical opinion testimony that an accident caused a physical condition must be based on a more probable than not, or more likely than not, causal relationship. Sacred Heart Med. Ctr. v. Carrado, 92 Wash.2d 631, 636, 600 P.2d 1015 (1979); see Medcalf v. State, Dep't of Licensing, 133 Wash.2d 290, 310-11, 944 P.2d 1014 (1997) (Madsen, J., concurring). Likewise in the criminal case, expert testimony on a person's mental status is not admissible unless the expert's opinion is based on reasonable medical certainty, which is the equivalent of more likely than not. In re Det. of Twining, 77 Wash.App. 882, 891, 894 P.2d 1331 (1995). There are legal consequences that attach to these scientific opinions. And therefore a level of medical certainty is required.
Here, the required medical opinion is that one scientific consideration (the "potential benefits of the medical use of marijuana") *1239 outweighs another scientific consideration ("the health risks for a particular qualifying patient"). RCW 69.51A.010(5)(a). The statute requires a stronger showing on necessity than simply "may."
The showing by Mr. Shepherd (may) does not satisfy the requirements for the affirmative defense (would likely).

SIXTY-DAY SUPPLY
The Act prohibits the primary caregiver from possessing marijuana in excess of that "necessary for the patient's personal, medical use, and not exceeding the amount necessary for a sixty-day supply." RCW 69.51A.040(4)(b). The only showing by Mr. Shepherd in support of this requirement is a report by the Public Safety Committee of the Oakland City Council, dated June 23, 1998. Defendant's Ex. 18. That document references a scientific, analytical method for calculating actual usable amount. Defendant's Ex. 18 at 3. And while, no doubt, the formula set out in the Oakland City Council's report might well lead to a reasonably accurate statement of the amount of marijuana required, it is only part of the equation. The rest of the variables are missing.
There is no evidence stipulated to in this record on which we could find the amount of marijuana Mr. Wilson needs to alleviate or mitigate his medical problems. In fact there is no statement in Dr. Sharp's note identifying the specific nature of his disease process. Defendant's Ex. 17. And while nothing in the Act requires the doctor to disclose the patient's particular illness, there must, nonetheless, be some statement as to how much he or she needs. Without that statement, there is no way for us to decide whether the amount Mr. Shepherd grew for Mr. Wilson's benefit fell within the 60-day limitation imposed by the Act.
This problem is further complicated by the fact that Mr. Wilson apparently eats his marijuana rather than smokes it. Again, that fact alone will influence the amount of marijuana necessary to manage his condition whether its use is curative or simply palliative. Mr. Shepherd's showing is then insufficient to meet the requirements of the Act.

CONCLUSION
Proof on each of these elements must be shown to establish the affirmative defense spelled out in the Medical Use of Marijuana Act. Mr. Shepherd has failed to do so.
Accordingly, we affirm his conviction.
WE CONCUR: KURTZ, C.J. and KATO, J.
KATO, J. (concurring).
There is no dispute that, under the Medical Use of Marijuana Act (the Act), Mr. Shepherd was a "primary caregiver" who provided marijuana to a "qualifying patient." He was nonetheless convicted of felony possession of marijuana. The majority affirms his conviction because Mr. Shepherd neither (1) satisfied the Act's "valid documentation" requirement for establishing an affirmative defense to criminal prosecution nor (2) produced sufficient evidence that he possessed no more than a 60-day supply of marijuana necessary for the qualifying patient's personal, medical use.
I respectfully disagree with the majority's determination that Mr. Shepherd failed to provide "valid documentation." In my view, the Act is ambiguous in articulating two different standards (one for a "qualifying patient" and another for "valid documentation"), when their literal application here would result in a strained and unrealistic result. State v. Walls, 106 Wash.App. 792, 795, 25 P.3d 1052 (2001). Under the rule of lenity, the term "valid documentation" must therefore be interpreted to include not only a physician's statement that the potential benefits of the medical use of marijuana would likely outweigh the health risks to the qualifying patient (RCW 69.51A.010(5)(a)), but also a physician's statement that the patient may benefit from the medical use of marijuana (RCW 69.51A.010(3)(e)). See State v. *1240 Bourne, 90 Wash.App. 963, 954 P.2d 366 (1998). Indeed, a physician is excepted from the state's criminal laws if he or she either advises a patient using the "may benefit" standard or provides a statement using the "would likely outweigh" standard. RCW 69.51A.050. A designated primary caregiver should be afforded the same protection. To do otherwise would be contrary to the purpose and intent of the Act. RCW 69.51A.005.
But I concur in the result solely on the basis that Mr. Shepherd failed to make a sufficient showing that he had no more than a 60-day supply of marijuana for Mr. Wilson's personal, medical use.
NOTES
[1] Defendant's Ex. 17 (emphasis added).