[No. 29099-5-II.   Division Two.   October 14, 2003.]

THE STATE OF WASHINGTON, *Respondent*, v. LARRY D. PHELPS, *Appellant*.

*Brian P. Coughenour*, for appellant.

*Deborah S. Kelly, Prosecuting Attorney*, and *Loren Oakley, Deputy*, for respondent.

ARMSTRONG, J.— Larry D. Phelps appeals his jury conviction of attempt to possess marijuana, arguing that the trial judge erred in refusing to allow him to present evidence that he was the designated primary caregiver of a medical marijuana patient. He also contends that the judge should have allowed him to show that the marijuana was probably intended for the patient. We find no reversible error and, therefore, affirm.

## FACTS

United Parcel Service (UPS) attempted to deliver a package addressed to Larry Phelps at 2234 McDonnell Creek Road. Unable to find such an address, UPS delivered the package to a Larry Phelps at 213 Crabs Road. The package contained marijuana, prompting Larry Phelps on Crabs Road to call the sheriff.

The sheriff investigated and found a Larry Phelps residing at 223 McDonald Creek Road. Undercover officers arranged to deliver the package to Phelps, who lived on the property with his foster father, Robert Clark. Clark suffered from glaucoma and was authorized to use marijuana for medical purposes.

The undercover officers approached Phelps at his residence and had him identify the package. Phelps repeatedly said, "It's mine" and offered to show the officers his identification. Report of Proceedings (RP) (June 4, 2002) at 53. The officers then arrested Phelps.

On November 16, 2001, the State charged Phelps with attempt to possess marijuana under RCW 69.50.401(d) and RCW 69.50.407. Clark designated Phelps as his primary caregiver on March 5, 2002.

The State moved to prevent Phelps from presenting evidence that he could lawfully possess marijuana as the designated primary caregiver for a medical marijuana patient, an affirmative defense under Washington's Medical Use of Marijuana Act (Act), chapter 69.51A RCW. The court granted the State's motion after concluding that the statute required a patient to designate the primary caregiver in writing before the caregiver could possess marijuana. The court also refused to allow Phelps to testify that somebody had probably mailed the package to his foster father without some evidence to support it.

## ANALYSIS

RCW 69.50.401(d) makes it unlawful to possess marijuana, a Schedule I controlled substance. RCW 69.50.204(c)-(14). It is also unlawful to attempt to possess marijuana. RCW 69.50.407. A person is guilty of an attempt to commit a crime if, with intent to commit a specific crime, he does any act which is a substantial step toward the commission of that crime. RCW 9A.28.020(1).

### Washington's Medical Use of Marijuana Act, Chapter 69.51A RCW

■■ The Act provides an affirmative defense for patients and caregivers charged with possessing marijuana. RCW 69.51A.005; *State v. Shepherd*, 110 Wn. App. 544, 549, 41 P.3d 1235, *review denied*, 147 Wn.2d 1017 (2002). Under the Act, qualifying patients with terminal or debilitating illnesses who, in their physician's judgment, would benefit from the medical use of marijuana, may not be found guilty for their possession and limited use of marijuana. RCW 69.51A.005. Persons who act as primary caregivers to such patients shall also not be found guilty of a crime under state law for assisting with the medical use of marijuana. RCW 69.51A.005. A primary caregiver, however, must be "designated in writing by a patient to perform the duties of

primary caregiver under this chapter." RCW 69.51A-.010(2)(c).

Furthermore, the Act requires "valid documentation" to prove the affirmative defense. *Shepherd*, 110 Wn. App. at 551. Thus, a defendant is required to show by a preponderance of the evidence that he or she has met the requirements of the Act in order to raise an affirmative defense against criminal prosecution. *Shepherd*, 110 Wn. App. at 550.

On November 16, 2001, the State charged Phelps with attempt to possess marijuana under RCW 69.50.401(d) and RCW 69.50.407. Phelps offered to prove that his foster father designated him a primary caregiver in writing on March 5, 2002. The trial court precluded Phelps from presenting the evidence, ruling that the Act required such written designation before his attempted possession and arrest.

Phelps argues that the Act is ambiguous as to when a patient must designate a person the primary caregiver. Because of this, he reasons, the rule of lenity applies, and we must interpret the statute in his favor.

The rule of lenity applies where two possible constructions of a criminal statute are permissible. *State v. Gore*, 101 Wn.2d 481, 485-86, 681 P.2d 227 (1984). This rule requires the court to construe the statute strictly against the State and in favor of the accused. *Gore*, 101 Wn.2d at 486. The court, however, does not consider the rule of lenity when the statute is clear on its face. *State v. Hahn*, 83 Wn. App. 825, 832, 924 P.2d 392 (1996). A statute is not necessarily rendered ambiguous merely because a party can argue two interpretations. *State v. Taplin*, 55 Wn. App. 668, 670, 779 P.2d 1151 (1989). Because the rule of lenity is a rule of statutory construction, we review the trial court's decision de novo. *State v. Van Woerden*, 93 Wn. App. 110, 116, 967 P.2d 14 (1998); *State v. Hurt*, 107 Wn. App. 816, 822, 27 P.3d 1276 (2001).

Under RCW 69.51A.010(2)(c), a primary caregiver is one who "[h]as been designated in writing by a patient to

perform the duties of primary caregiver." And under RCW 69.51A.040(4)(c), the designated primary caregiver must be able to "[p]resent a copy of the qualifying patient's valid documentation required by this chapter, as well as evidence of designation to act as primary caregiver by the patient, to any law enforcement official requesting such information."

Phelps agrees that the Act requires a patient to designate a primary caregiver in writing. RCW 69.51A.010(2)(c). Phelps argues, however, that the Act requires a primary caregiver provide only some "evidence of designation" to a law enforcement officer upon request. Appellant's Br. at 12; RCW 69.51A.040(4)(c). Because Clark signed an affidavit designating Phelps as his primary caregiver on March 5, 2002, Phelps argues that the evidence was sufficient to raise affirmative defenses under the Act. We disagree.

Although the statute is silent as to when a person must produce written evidence of his primary care status, it does require a caregiver who "[h]as been designated in writing by a patient." RCW 69.51A.010(2)(c) (emphasis added). The use of the past tense suggests that the patient must designate the primary caregiver before the caregiver may assist with the medical use of marijuana. Furthermore, the statute requires the caregiver to provide his authorization documents to "any law enforcement official requesting such information." RCW 69.51A.040(4). This language also suggests that the patient must designate a caregiver before the police contact that results in an arrest or seizure.

We conclude that the statute is not ambiguous as to when a patient must designate his primary caregiver. And we agree with the trial court that the designation must be made before the possession or attempted possession charge is made.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder

shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

SEINFELD and HOUGHTON, JJ., concur.