[No. 25524-7-III. Division Three. January 8, 2008.]

THE STATE OF WASHINGTON, *Respondent*, v. JASON LEE FRY, *Appellant*.

458

*William D. Edelblute*, for appellant.

*John G. Wetle, Prosecuting Attorney*, and *John A. Troberg, Deputy*, for respondent.

¶1 SCHULTHEIS, J. — Following the denial of a suppression motion, Jason Lee Fry was convicted on stipulated facts of possession of over 40 grams of marijuana. On appeal, he contends his production of an authorization for medical use of marijuana negated probable cause to search his house. He also asserts the trial court erred in rejecting his proposed defense under the Washington State Medical Use of Marijuana Act (Act), chapter 69.51A RCW. We affirm.

## FACTS

¶2 The facts are undisputed. On December 20, 2004, Stevens County sheriff's deputies went to Mr. Fry's house after obtaining information that he was growing marijuana. As officers approached the front porch, they could smell marijuana. When Mr. Fry opened the front door, the odor of marijuana was even stronger. Mr. Fry told the officers he had a prescription for marijuana and asked them to leave. His wife produced a document entitled "Documentation of Medical Authorization to Possess Marijuana for Medical Purposes in Washington State" for Mr. Fry. Clerk's Papers (CP) at 8. The authorization stated that marijuana may help Mr. Fry's "severe anxiety, rage, & depression related to childhood." CP at 9.

¶3 Officers obtained a search warrant and found several containers of marijuana and numerous marijuana plants.

The seized amount totaled more than two pounds (911 grams). The State charged Mr. Fry with manufacturing marijuana and possession of more than 40 grams of marijuana.

¶4 Mr. Fry moved to suppress the evidence, arguing that once the officers were shown the medical use document, probable cause for the search no longer existed. The State countered that medical use of marijuana under the Act is an affirmative defense for trial, not a defense to probable cause.

¶5 The court denied Mr. Fry's motion, finding the odor of marijuana provided probable cause to search his home and any evidence found as a result could either support or refute the medical marijuana affirmative defense. It also found that an affirmative defense does not negate probable cause, reasoning that such defenses are for the trier of fact not for earlier stages in the proceedings. The court granted Mr. Fry's request for a stay pending his motion for discretionary review. A commissioner of this court denied Mr. Fry's motion for discretionary review.

¶6 The State moved in limine to exclude the medical use defense, arguing that Mr. Fry was not a qualifying patient under the Act because severe anxiety is not a terminal or debilitating condition as defined by the Act. The trial court excluded use of the defense. Following a bench trial on stipulated facts, Mr. Fry was convicted of possession of over 40 grams of marijuana. The manufacture of marijuana charge was dismissed.

## DISCUSSION

¶7 We first address Mr. Fry's contention that the trial court erred in ruling that officers had probable cause to search his house after he produced medical authorization for marijuana use. Mr. Fry argues that his production of a medical use certificate negated probable cause for the search. Citing *McBride v. Walla Walla County,* 95 Wn. App. 33, 40, 975 P.2d 1029, 990 P.2d 967 (1999), the State

counters that the medical use affirmative defense does not negate probable cause. Rather, the defense is to be determined by a judge or jury at trial, not law enforcement.

■ ■ ¶8 We review conclusions of law in an order pertaining to suppression of evidence de novo. *State v. Ross,* 106 Wn. App. 876, 880, 26 P.3d 298 (2001). Mr. Fry does not challenge the trial court's findings of fact; therefore they are verities on appeal. *State v. O'Neill,* 148 Wn.2d 564, 571, 62 P.3d 489 (2003).

■ ■ ¶9 A search warrant may be issued only upon a finding of probable cause. *State v. Thein,* 138 Wn.2d 133, 140, 977 P.2d 582 (1999). Probable cause supports a search warrant if the affidavit contains sufficient facts and circumstances to establish that the defendant is probably involved in criminal activity and that evidence of a crime will be found at the place to be searched. *Id.* It is well settled that when a trained officer smells marijuana, this alone provides probable cause for a search. *State v. Olson,* 73 Wn. App. 348, 356, 869 P.2d 110 (1994).

■ ¶10 Medical authorization for marijuana use is an affirmative defense under the Act. Former RCW 69-.51A.040(1) (1999). Affirmative defenses are evaluated at trial, not by law enforcement at earlier stages of the proceedings. *McBride,* 95 Wn. App. 33. The issue in *McBride* was whether the affirmative defense of self-defense negated probable cause to arrest the defendant for assault. The defendant did not dispute hitting the victim but claimed officers lacked probable cause to arrest him because they had information he was acting in self-defense. In concluding that the self-defense claim did not weaken probable cause, the court reasoned:

> Self-defense is an affirmative defense which can be asserted to render an otherwise unlawful act lawful. But the arresting officer does not make this determination. The officer is not judge or jury; he does not decide if the legal standard for self-defense is met. Moreover, [the arresting officer] had only one side of the story. Mr. McBride's claim of self-defense was

then a mere assertion, not fact. The self-defense claim did not vitiate probable cause.

*Id.* at 40.

¶11This reasoning applies here. Information relating to the validity of a suspect's medical use defense will almost always be within the defendant's knowledge. The defendant's assertion of the defense is not necessarily a fact; further development of the facts at trial may well show that the medical use defense is not viable. Therefore, the mere production of a document purporting to be a marijuana use authorization does not prohibit further investigation by the State. Here, probable cause to search Mr. Fry's house existed as soon as officers smelled marijuana. His production of a medical use document did not provide automatic protection against a reasonable police investigation and search. Whether the affirmative defense of medical use of marijuana was viable was an issue for trial.

▮ ¶12 Next, we address whether the trial court erred in disallowing Mr. Fry's medical marijuana defense. Again, because this involves a question of law, our review is de novo. *Ross,* 106 Wn. App. at 880.

¶13 Former RCW 69.51A.040(1) states, "any qualifying patient who is engaged in the medical use of marijuana . . . will be deemed to have established an affirmative defense to . . . charges [of violating marijuana law] by proof of his or her compliance with the requirements provided in this chapter." Under this statute, a qualifying patient means a person who:

(a) Is a patient of a [licensed] physician . . . ;

(b) Has been diagnosed by that physician as having a terminal or debilitating medical condition;

(c) Is a resident of the state of Washington at the time of such diagnosis;

(d) Has been advised by that physician about the risks and benefits of the medical use of marijuana; and

(e) Has been advised by that physician that they may benefit from the medical use of marijuana.

RCW 69.51A.010(3).

¶14 The trial judge prevented Mr. Fry from bringing the defense on the ground that his condition was not a terminal or debilitating medical condition under the Act. A terminal or debilitating medical condition includes:

> (a) Cancer, human immunodeficiency virus (HIV), multiple sclerosis, epilepsy or other seizure disorder, or spasticity disorders; or
>
> (b) Intractable pain, limited for the purpose of this chapter to mean pain unrelieved by standard medical treatments and medications; or
>
> (c) Glaucoma . . . ;
>
> (d) Any other medical condition duly approved by the Washington state medical quality assurance board [commission] as directed in this chapter.

Former RCW 69.51A.010(4) (1999) (second alteration in original).

¶15 Mr. Fry is required to show by a preponderance of the evidence that he has met the requirements of the Act. *State v. Shepherd*, 110 Wn. App. 544, 550, 41 P.3d 1235 (2002). He fails to do so. Relying primarily on *Shepherd*, Mr. Fry claims that because that court found the defendant was a "qualifying patient" under the Act even though his medical use document did not specify his terminal or debilitating condition, Mr. Fry must qualify because his physician determined that he had a debilitating condition.

¶16 But Mr. Fry's reliance on *Shepherd* is misplaced. In that case, the defendant suffered from a debilitating spine condition. His physician's authorization for medical use stated that he was treating the defendant for a " 'terminal illness or debilitating condition as defined in RCW 69-.51A.010' " but declined to specify the condition. *Id.* at 547. However, the *Shepherd* court was not asked to determine whether Mr. Shepherd's condition qualified under the Act. In fact, it appears the parties did not dispute that the defendant suffered from a debilitating condition. *Shepherd* is not instructive here.

¶17 Mr. Fry's physician authorized the use of marijuana to treat Mr. Fry's severe anxiety and anger. Although

former subsection (4)(d) of the Act permits the Washington State Medical Quality Assurance Commission to approve conditions in addition to those listed in former RCW 69-.51A.010(4), Mr. Fry's condition is not among them. Therefore, as a matter of law, Mr. Fry is not a qualifying patient and cannot avail himself of the medical marijuana defense. We conclude the trial court did not err in prohibiting Mr. Fry from presenting the medical use defense.

¶18 Affirmed.

SWEENEY, C.J., and BROWN, J., concur.

Review granted at 164 Wn.2d 1002 (2008).