Preston R. TENSLEY, husband; Beata L. Tensley, wife, Plaintiffs—Appellants,

v.

CITY OF SPOKANE, Washington; Roger Bragdon; Bradley Arleth; William Marshall; Lonnie Tofsurd; Corey Turman; John Doe 1; John Doe 2; Jane Doe, Defendants—Appellees.

No. 06–35723.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 8, 2008.*

Filed Feb. 15, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard D. Wall, Esq., Spokane, WA, for Plaintiffs–Appellants.

Rocco N. Treppiedi, Esq., Ellen M. O'Hara, Esq., Office of the City Attorney, Spokane, WA, for Defendants–Appellees.

Before: FISHER, GOULD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Preston Tensley ("Tensley") and his wife, Beata, appeal the district court's order granting defendants' motion for summary judgment on their federal constitutional claims, as well as on their Washington state law claims of false imprisonment, trespass, conversion, and defamation.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Tensley contends that the police violated his civil rights under 42 U.S.C. § 1983 by arresting him without probable cause and seizing his vehicle without a warrant. The issue before federal courts "upon review of a state-approved search or seizure is not whether the search (or seizure) was authorized by state law. The question is rather whether the search was reasonable under the Fourth Amendment." *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir.2005) (quoting *Sibron v. New York*, 392 U.S. 40, 61, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1968)). Here, state and federal law lead to the same conclusion.

A reasonable arrest is one supported by probable cause. *Brinegar v. United States*, 338 U.S. 160, 175, 69 S.Ct. 1302, 93 L.Ed. 1879 (1949). Under federal law, "[p]robable cause exists where 'the facts

---

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

1. We review *de novo* a grant of summary judgment. *Buono v. Norton*, 371 F.3d 543, 545 (9th Cir.2004). Tensley does not appeal the rejection of his § 1983 supervisory liability claim, so the issue is waived. For the benefit of the parties and the district court, however, we note that supervisors may be held liable for the actions of their subordinates under some circumstances. *See Cunningham v. Gates*, 229 F.3d 1271, 1292 (9th Cir.2000) ("Supervisors can be held liable for: 1) their own culpable action or inaction in the training, supervision, or control of subordinates; 2) their acquiescence in the constitutional deprivation of which a complaint is made; or 3) for conduct that showed a reckless or callous indifference to the rights of others.").

and circumstances within . . . [the officers'] knowledge and of which they had reasonably trustworthy information [are] sufficient in themselves to warrant a man of reasonable caution in the belief that' an offense has been or is being committed." *Id.* at 175–76, 69 S.Ct. 1302 (citation omitted). Probable cause is an objective standard, which looks to "the totality of the circumstances" known to the officers at the time of the arrest. *United States v. Smith,* 790 F.2d 789, 792 (9th Cir.1986); *see Devenpeck v. Alford,* 543 U.S. 146, 152–53, 125 S.Ct. 588, 160 L.Ed.2d 537 (2004).

■ The officers had probable cause to arrest Tensley. A detailed statement from an adult victim witness may itself suffice to establish probable cause. *See United States v. Butler,* 74 F.3d 916, 921 (9th Cir.1996); *see also John v. City of El Monte,* 515 F.3d 936, 940–42 (9th Cir. 2008). Here, the officers had the statements of two adult witnesses, each of whom gave a detailed and broadly consistent account of the alleged crime. Moreover, the officers conducted an independent investigation establishing that the information supporting Tensley's arrest was "reasonably trustworthy." Once they had probable cause, the officers were "not required by the Constitution to investigate independently every claim of innocence." *Broam v. Bogan,* 320 F.3d 1023, 1032 (9th Cir.2003) (internal quotation omitted). Although an officer may not wilfully disregard plainly exculpatory evidence, *see id.,* Tensley alleges nothing known to the officers at the time of the arrest that would have negated probable cause. Because the officers had probable cause to arrest Tensley, they did not violate Tensley's Fourth Amendment rights in so doing.

■ Similarly, the officers did not violate Tensley's constitutional rights when they seized his vehicle without a warrant.

Under the automobile exception to the Fourth Amendment's warrant requirement, the officers needed only probable cause to justify a warrantless search and seizure of Tensley's vehicle. *See United States v. Bagley,* 772 F.2d 482, 491 (9th Cir.1985); *see also Chambers v. Maroney,* 399 U.S. 42, 50–51, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). Here, they had probable cause to believe that it would contain evidence of the alleged kidnaping. *See United States v. Henderson,* 241 F.3d 638, 648–49 (9th Cir.2000). Tensley's § 1983 claim fails.

■ Tensley's state-law false imprisonment, conversion, and trespass claims fail as well. Under Washington law, "[t]he existence of probable cause is a complete defense to an action for . . . false imprisonment." *McBride v. Walla Walla Cty.,* 95 Wash.App. 33, 975 P.2d 1029, 1032 (1999). Here, the officers had probable cause under Washington law. *See State v. Scott,* 93 Wash.2d 7, 10–11, 604 P.2d 943 (1980). Similarly, because the officers' probable cause rendered them "lawful[ly] justifi[ed]" in seizing the car, their actions were not conversion under Washington law. *Wa. State Bank v. Medalia Healthcare L.L.C.,* 96 Wash.App. 547, 984 P.2d 1041, 1045 (1999) (internal quotations and citation omitted). Tensley's trespass action fails because the officers entered his property pursuant to a valid search warrant. *See Walker v. City of Kennewick,* 109 Wash.App. 1017, 2001 Wash.App. LEXIS 2540, 2001 WL 1434692 (2001).

■ Finally, Tensley's defamation claim lacks merit. Police have a qualified privilege to disseminate information in the course of a criminal investigation, unless they knew of or acted with reckless disregard as to the falsity of a statement. *Bender v. Seattle,* 99 Wash.2d 582, 664 P.2d 492, 504–05 (1983). Even if the po-

lice's responsibility for the alleged defamatory remarks were clear, their actions would at most have been negligent because the statements of Tensley's cousins supported their reasonable belief that Tensley had gang affiliations.

**AFFIRMED.**

---

\* This disposition is not appropriate for publica- tion and is not precedent except as provided