FILED

NOT FOR PUBLICATION

MAR 03 2014

UNITED STATES COURT OF APPEALS

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID CARL GUSTAFSON,

Plaintiff - Appellant,

v.

CITY OF WEST RICHLAND; et al.,

Defendants - Appellees.

No. 12-35025

D.C. No. 2:10-cv-05040-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, District Judge, Presiding

Submitted February 18, 2014[**]

Before:    ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

David Carl Gustafson appeals pro se from the district court's summary

judgment in his 42 U.S.C. § 1983 action arising from his arrest for a domestic

violence assault.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

novo.  *Morrison v. Hall*, 261 F.3d 896, 900 (9th Cir. 2001).  We affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

The district court properly granted summary judgment on Gustafson's § 1983 claims against the City of West Richland because Gustafson failed to raise a genuine dispute of material fact as to whether any alleged federal constitutional violations resulted from an official custom, policy, or failure to train. *See Galen v. County of Los Angeles*, 477 F.3d 652, 667 (9th Cir. 2007) (requirements for municipal liability under § 1983).

The district court properly granted summary judgment on Gustafson's § 1983 claims against the individual defendants because Gustafson failed to raise a triable dispute as to whether the individual defendants violated his Fourth, Fifth, or Fourteenth Amendment rights. *See Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1061 (9th Cir. 2011) ("To survive summary judgment, a plaintiff must set forth non-speculative evidence of specific facts, not sweeping conclusory allegations.").

The district court properly granted summary judgment on Gustafson's 42 U.S.C. § 14141 claim because the statute only provides for civil actions brought by the United States Attorney General. *See* 42 U.S.C. § 14141(b).

The district court properly granted summary judgment on Gustafson's claim under the Americans with Disabilities Act ("ADA") because Gustafson failed to raise a triable dispute as to whether he was disabled and whether defendants failed

to accommodate any disability.  *See McGary v. City of Portland*, 386 F.3d 1259, 1264-65 (9th Cir. 2004) (elements of Title II ADA claim).

The district court properly granted summary judgment on Gustafson's claim for false arrest and imprisonment because Gustafson failed to raise a triable dispute as to whether defendants lacked probable cause to arrest and detain him for a domestic violence assault.  *See McBride v. Walla Walla County*, 975 P.2d 1029, 1032 (Wash. Ct. App. 1999) (probable cause is a complete defense to claims for false arrest and imprisonment, and "exists when an officer has reasonable grounds to believe a suspect has committed or is committing a crime due to the surrounding circumstances").

The district court properly granted summary judgment on Gustafson's malicious harassment claim because Gustafson failed to raise a triable dispute as to whether defendants injured him, damaged his property, or threatened him because of a protected ground.  *See* Wash. Rev. Code § 9A.36.080(1) (definition of malicious harassment).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Defendants' motion to strike, filed on September 17, 2012, is granted.

**AFFIRMED.**