IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 46304-1-II |
| Appellant/Cross Respondent, | |
| v. | UNPUBLISHED OPINION |
| ALFRED BURTON, | |
| Respondent/Cross Appellant. | |

BJORGEN, C.J. — The State appeals the trial court's suppression of evidence and resulting dismissal of its charges against Alfred Burton for possession of marijuana with intent to deliver. It contends that the trial court erred as a matter of law by suppressing the fruits of a search of Burton's medical marijuana collective garden storefront on grounds that the search warrant was not supported by probable cause. The State also argues that the trial court erred by interpreting the Medical Use of Cannabis Act (MUCA)[1] as effectively decriminalizing possession of marijuana for qualifying collective gardens. The Supreme Court's holding in *State v. Reis*, 183 Wn.2d 197, 351 P.3d 127 (2015), compels our agreement with the State. Therefore, we hold that the trial court erred in suppressing evidence and dismissing the charges against Burton.

Burton also cross appeals, arguing that the trial court erred by denying his motion to strike several statements from the affidavit of probable cause following a *Franks*[2] hearing on

_____

[1] Ch. 69.51A RCW.

[2] *Franks v. Delaware*, 438 U.S. 154, 98 S. Ct. 2674, 57 L. Ed. 2d 667 (1978).

grounds that they were deliberately or recklessly inaccurate. Because the statements were ultimately immaterial, we hold that the trial court did not err.

Accordingly, we reverse the trial court's suppression ruling and dismissal and remand for further proceedings.

FACTS

Burton was an owner of Green Path of Washington, a medical marijuana collective garden with a storefront in Graham. Green Path had a revolving membership whereby medical marijuana patients joined the collective when they signed in after entering the storefront and relinquished their membership when signing out before exiting. Marijuana was grown off site but distributed at the storefront. Burton kept each patient's qualification documentation on hand in two black folders at the storefront.

In April 2012, two sheriff's deputies entered Green Path and spoke with Burton. The deputies asked to see Green Path's member documentation, but Burton refused to let them see the documents without the collective's attorney present. Burton explained to the deputies how Green Path operated, and also told them that there were several strains of marijuana currently available at the storefront. The deputies later obtained a warrant to search the premises based on an affidavit declaring the basis for their probable cause to suspect that Burton possessed marijuana at the Green Path storefront with the intent to deliver.

The deputies searched the storefront and found 995.3 grams of processed marijuana, but did not find any patient records. The State charged Burton with possession of marijuana with intent to deliver, a violation of Washington's Uniform Controlled Substances Act, chapter 69.50

RCW. Burton moved for a *Franks* hearing, redaction of claimed misrepresentations in the affidavit, and suppression of the evidence found during the resulting search.

In his motion for a *Franks* hearing, Burton challenged some of the information in the probable cause affidavit: (1) numerous references to Green Path as a "store" or "business," and to its members as "customers," (2) omission of a witness and attribution to Burton of that witness's oral statements, and (3) the statement that "[t]he lobby of the building smelled strongly of marijuana." Clerk's Papers (CP) at 5-8 (emphasis omitted). The trial court granted the *Franks* hearing, and both parties presented evidence relating to the accuracy of the probable cause affidavit.

Following the *Franks* hearing, the trial court denied Burton's motion to redact. The trial court did not find the use of the commercial terminology problematic, as it used the same terminology in its order, and commented that "'business' to this Court doesn't necessarily imply a retail operation." Report of Proceedings (RP) at 102. The trial court found that the statement that the deputies smelled marijuana was inaccurate and that the omitted witness was present when the deputies spoke with Burton and may have made statements attributed to Burton. However, the trial court concluded that these misrepresentations were neither deliberate nor reckless and declined to strike the related statements.

Despite denying Burton's motion to redact, the trial court suppressed the fruits of the search on the basis of an insufficient showing of probable cause after it interpreted MUCA as decriminalizing qualifying operations by a collective garden. Specifically, former RCW 69.51A.085 (2011) provided that "[q]ualifying patients may create and participate in collective gardens for the purpose of producing, processing, transporting, and delivering cannabis for medical

3

use," subject to compliance with a list of conditions. The trial court ruled that compliance with the conditions listed in former RCW 69.51A.085 rendered otherwise unlawful possession lawful. Because the affidavit did not indicate that a quantity of marijuana in excess of the authorized 24-72 ounces was present at the Green Path storefront and did not establish that Green Path lacked qualifying members or the necessary documentation, it ruled that probable cause did not support the search warrant and suppressed the evidence discovered during the search.

With the evidence necessary for conviction suppressed, the trial court dismissed the case. The State appeals the trial court's suppression ruling, and Burton cross appeals the trial court's denial of his motion to redact portions of the probable cause affidavit.

ANALYSIS

I. PROBABLE CAUSE: MEDICAL MARIJUANA AFFIRMATIVE DEFENSE

The State argues that the trial court erred in suppressing the fruits of the search on the grounds that the police did not establish probable cause to suspect criminal activity. The State bases this argument on its interpretation of MUCA under which possession with the intent to deliver would remain criminal. In the State's view, the claim that possession for delivery to qualified medical patients was authorized by MUCA could only be raised as an affirmative defense. Because our Supreme Court has endorsed this interpretation, we agree with the State and hold that the trial court erred by suppressing the fruits of the search.

In *Reis*, our Supreme Court interpreted the 2011 amendments to MUCA to determine whether they decriminalized possession for medical distribution. 183 Wn.2d 197. The court held that despite statutory language indicating a legislative intent to decriminalize such possession, the amended statutes actually provided only for an affirmative defense. *Id*. at 207. It

4

reasoned that because the statutory language as enacted decriminalized possession only for qualified patients and providers whose names appear on a nonexistent state registry, all current patients and providers could only avail themselves of a separately provided affirmative defense to any criminal charges. *Id*. at 214-15.[3] The court also indicated that the possibility a person will successfully assert the affirmative defense does not negate probable cause to search locations where the police suspect a provider is keeping marijuana for distribution. *Id*. at 218.

*Reis* controls our decision. Under *Reis*, the trial court erred by suppressing evidence of the search on grounds that possession of medical marijuana had been decriminalized for providers complying with the requirements of MUCA.[4] As the appellant in *Reis* conceded, the presence of the affirmative defense does not negate probable cause for a search. *Id*. at 218; *see also State v. Fry*, 168 Wn.2d 1, 8, 228 P.3d 1 (2010) (holding that under the previous medical marijuana statutes, the existence of an applicable affirmative defense did not negate probable cause).

Burton argues that even as an affirmative defense, compliance with the community garden provisions of MUCA renders lawful otherwise unlawful possession with intent to deliver. He directs our attention to *McBride v. Walla Walla County*, 95 Wn. App. 33, 975 P.2d 1029 (1999), in which Division Three of our court addressed, in the context of a civil suit for false

---

[3] Governor Gregoire vetoed a provision establishing a state registry for qualified patients and their providers. *Reis*, 183 Wn.2d at 201. Because MUCA as amended and currently codified decriminalizes possession of marijuana only for providers who are listed on that registry, our Supreme Court determined that there is currently no way to qualify for decriminalized possession for distribution to qualified patients. *Id*. at 207.

[4] We recognize that the trial court did not have the benefit of the Supreme Court's holding in *Reis* when it made its suppression ruling.

arrest, whether the availability of an affirmative defense can negate probable cause. The court in

*McBride* held that

> [s]elf-defense is an affirmative defense which can be asserted to render an otherwise unlawful act lawful. But the arresting officer does not make this determination. The officer is not judge or jury; he does not decide if the legal standard for self-defense is met.

*Id*. at 40. Burton relies primarily on the statement that an affirmative defense may "render an otherwise unlawful act lawful." *See* Br. of Resp't at 31-32 (emphasis omitted). The court in *McBride*, however, clearly explained that "[t]he self-defense claim did not vitiate probable cause." *Id*. Our Supreme Court further clarified this matter in *Fry*, discussing *McBride* and stating that "[a]n affirmative defense does not per se legalize an activity and does not negate probable cause that a crime has been committed." 168 Wn.2d at 10. *McBride* does not support Burton's argument, and the availability of an affirmative defense does not negate probable cause.

## II. DENIAL OF BURTON'S MOTION TO REDACT

In his cross appeal, Burton claims that the trial court erred by denying his motion to redact certain statements in the probable cause affidavit because they constituted deliberate misrepresentations or reckless misstatements of fact. We disagree, because even if the trial court had granted the motion, the affidavit would still have supported a finding of probable cause.

Where a law enforcement officer deliberately or recklessly omits material facts or includes material misstatements of fact in a probable cause affidavit, a court may invalidate any search warrant issued on the basis of the affidavit. *State v. Ollivier*, 178 Wn.2d 813, 847, 312 P.3d 1 (2013), *cert. denied*, 135 S. Ct. 72 (2014). If a defendant makes "a substantial preliminary showing of such a material misrepresentation or omission," he is entitled to a *Franks* hearing at which he may produce evidence showing the misrepresentation. *Id*. The trial court

must determine whether the evidence supports the information in the affidavit, then assess the validity of the warrant on the basis of only the qualifying information. *Id*.

We review the trial court's findings following a *Franks* hearing to determine whether they are supported by substantial evidence, *State v. Vickers*, 148 Wn.2d 91, 116, 59 P.3d 58 (2002), but review de novo the trial court's legal determination that the qualifying information shows probable cause. *Ollivier*, 178 Wn.2d at 848.

In light of *Reis*, the inaccuracies in the affidavit that Burton challenged were immaterial and therefore need not have been stricken. Burton contested the accuracy of references to Green Path as a commercial enterprise rather than a collective garden and statements regarding whether Burton was a qualified patient under MUCA. He asserts that these were material facts because they showed that Burton's activities were lawful and thereby negated probable cause for a search warrant. Under *Reis*, however, MUCA only provides an affirmative defense, which cannot negate probable cause to suspect a violation of the Uniform Controlled Substances Act. 183 Wn.2d at 218.

Burton also challenged the statement that the Green Path storefront lobby smelled strongly of marijuana. The trial court actually agreed that the statement was inaccurate, finding that the deputies "could not see or smell growing marijuana." CP at 29; RP at 44-45. Whether the deputies smelled marijuana, though, was immaterial because the trial court found that Burton told them that the premises were generally used for storing and distributing marijuana. *See State v. Jackson,* 150 Wn.2d 251, 264, 76 P.3d 217 (2003); *cf. State v. Olson,* 73 Wn. App. 348, 357, 869 P.2d 110 (1994). Because such possession and distribution is unlawful subject only to an affirmative defense, this information gave the deputies probable cause to search the premises.

7

No. 46304-1-II

## CONCLUSION

*Reis* demands the conclusion that probable cause to suspect that a provider is violating the Uniform Controlled Substances Act is a valid basis for a search warrant, regardless of whether the provider complies with MUCA. Therefore, the trial court erred in suppressing the fruits of the search and dismissing the case. Because the claimed misrepresentations in the probable cause affidavit were immaterial, the trial court did not err by denying Burton's motion to redact. Accordingly, we reverse the trial court's suppression of the evidence and its dismissal and remand for further proceedings.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

BJORGEN, C.J.

We concur:

MAXA, J.

MELNICK, J.

8